[No. 3195. Decided April 26, 1899.]

THE STATE OF WASHINGTON, *on the Relation of Catherine McIntyre,* v. SUPERIOR COURT OF SPOKANE COUNTY.

MANDAMUS—WHEN LIES—REMEDY BY APPEAL.

Mandamus wil not lie to compel the superior court to assume jurisdiction of an appeal from a justice of the peace, when there is a remedy by appeal from the judgment of the superior court.

SAME—JURISDICTION OF SUPREME COURT—AMOUNT IN CONTROVERSY.

The constitutional provision giving the supreme court original jurisdiction in mandamus as to state officers must be construed in connection with the provision of the same section prohibiting the jurisdiction of the supreme court in cases of appeal where the amount in controversy is less than $200, and hence the supreme court has no jurisdiction by mandamus to compel the superior court to try an action where the amount involved is less than $200.

(ANDERS, J., dissents.)

*Original Application for Mandamus.*

*Stern, Hamblen & Lund,* for relator.

*E. H. Belden,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—In November, 1897, one Louis S. Cohn recovered judgment against J. M. McIntyre, husband of the relator, in the justice court in Spokane county, Washington, for the sum of $93.60 and costs. Thereafter an execution was duly issued out of said justice court upon

the judgment so recovered, by virtue of which a levy was made upon property claimed by relator as her separate property.    Thereafter the relator filed her affidavit of claim under the statute, in which affidavit it is stated that the property levied upon is of the value of $250.    The issues raised by said affidavit having been tried before the justice issuing said execution, and a decision adverse to relator having been made, an appeal was regularly prosecuted therefrom to the superior court of Spokane county. A motion to dismiss said appeal for want of jurisdiction was sustained by the court, for the reasons that the value or amount of the property claimed by relator exceeded the sum of $100, and that the justice of the peace having had no jurisdiction in said cause, the superior court could acquire none upon appeal; and a writ of mandamus is prayed for to compel the superior court to take jurisdiction and try the cause.

Considerable discussion is indulged in by the attorneys for the respective parties, through their briefs, as to whether the value of the property involved as alleged determines the jurisdiction.    But, with our view of the law governing this case, it is not necessary to enter upon a discussion of that proposition.    The original amount in controversy was under $200.    If the amount involved should be held to be the value of the property, then an appeal would lie from the ruling of the superior court, and under the law announced by this court in *State ex rel. Townsend Gas & Electric Co. v. Superior Court of Jefferson County*, 20 Wash. 502 (55 Pac. 933), mandamus would not lie; for it was there announced that the law of this state was that extraordinary writs will not be allowed to issue when there is an adequate remedy at law. This case was followed by *State ex rel. Barbo v. Hadley*, 20 Wash. 520 (56 Pac. 29), and by numerous other decisions announced from the bench upon which no opinions

were written.    So that it is not necessary to again enter into a discussion of that branch of the law.    If the amount involved is gauged by the judgment in this case, then it does not exceed $200, and, under the constitution, no appeal would lie from the judgment of the superior court. It is true that it was decided by this court in *State ex rel. Shannon v. Hunter,* 3 Wash. 92 (27 Pac. 1076), that mandamus is the proper remedy to compel a court to take jurisdiction of a cause which it has wrongfully dismissed, because, in the opinion of the court, it had no jurisdiction therein, and in that case the amount sued for was less than $100.    To sustain this announcement the court cited *Ex parte Bradstreet,* 7 Pet. 634; *Ex parte Parker,* 120 U. S. 737 (7 Sup. Ct. 767); *Hollon Parker, Petitioner,* 131 U. S. 221 (9 Sup. Ct. 708); *Harrington v. Haller,* 111 U. S. 796 (4 Sup. Ct. 697), and *State ex rel. Keane v. Murphy,* 19 Nev. 89 (6 Pac. 840).    In *Harrington v. Haller, supra,* in a very brief opinion, the supreme court of the territory of Washington was, by mandate from the supreme court of the United States, compelled to take jurisdiction of a case where it had dismissed a writ of error because of a failure of the plaintiff in error to file the transcript and have the cause docketed within the time required by law, it being held that the dismissal of the writ was a refusal to hear and decide the cause.    While, shortly after, the same court, in *Ex parte Brown,* 116 U. S. 401 (6 Sup. Ct. 387), refused to grant the writ where the territorial court had dismissed the cause because errors had not been assigned according to the rules of practice applicable to the form of action.    Mr. Chief Justice WAITE, in briefly delivering the opinion of the court, said:

"This motion is denied.    According to the petition, the court entertained jurisdiction of the cause, but dismissed it for want of due prosecution; that is to say, because errors had not been assigned in accordance with the

rules of practice applicable to the form of the action. This is a judgment which can only be reviewed by writ of error or appeal, as the case may be."

In 120 U. S. 737 (7 Sup. Ct. 767), the supreme court of the United States, in the case of *Ex parte Parker,* which was also a case from the territory of Washington, by mandate compelled the supreme court of the territory to take jurisdiction of a cause where the appeal had been dismissed because the necessary preliminary steps to perfect the appeal had not been taken, and it was held that the appellant had not complied with the requisition of the law prescribing the provisions precedent to perfecting his appeal. An attempt was made to distinguish *Ex parte Brown, supra,* the court saying with reference to that case:

" In that case the motion for the writ was denied because the court below, having entertained jurisdiction of the cause, had dismissed it for want of due prosecution. That is to say, because errors had not been assigned in accordance with the rules of practice applicable to the form of the action; * * *. In the present case, the supreme court of Washington territory, on consideration, decided that it could not legally exercise jurisdiction upon the appeal of the petitioner Parker."

It would seem to us that no real distinction exists between these cases. *Harrington v. Haller, supra,* and *Ex parte Parker, supra,* are based upon the early case of *Ex parte Bradstreet, supra;* but that case was written upon the theory that the litigant had the right, when he brought himself within the law entitling him to appeal, to have his case determined by the appellate court, for Chief Justice MARSHALL, who wrote the opinion, in starting out, says:

" But every party has a right to the judgment of this court in a suit brought by him in one of the inferior courts of the United States, provided the matter in dispute exceeds the sum or value of two thousand dollars."

That phase of the question was not presented to this court or commented upon by the court in *State ex rel. Shannon v. Hunter, supra,* and no comment was made upon the constitutional provision that this court shall not have appellate jurisdiction where the amount in controversy does not exceed the sum of $200, with certain exceptions, which it is not necessary to mention here. It is true that the constitution (art. 4, § 4) provides that the supreme court shall have original jurisdiction in habeas corpus, quo warranto and mandamus as to all state officers; but that provision must be construed in relation to the other provision just mentioned, which was intended as a limitation upon the jurisdiction of the supreme court. It certainly was not the intention of the framers of the constitution, and would not be in harmony with any consistent theory of adjudication, to hold that a litigant could obtain the opinion of this court by mandamus upon a question of law, where he would be precluded from obtaining it upon appeal; or, in other words, that he would be placed in a better position by reason of the amount involved in the litigation falling under $200 than if it exceeded that amount. The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination. So far as *Keane v. Murphy, supra,*—a case cited with approval by this court in *State ex rel. Shannon v. Hunter, supra,*— is concerned, it was there held simply that mandamus was a proper remedy to compel a district judge to settle a statement on motion for a new trial in a case where it was his duty to settle a statement. We do not think this case in any way conflicts with the theory advanced above, for the reason that the appellate court could not tell what was involved in the action below, in the absence of a statement of facts.

The writ will be denied.

GORDON, C. J., and REAVIS and FULLERTON, JJ., concur.

ANDERS, J., dissents.