[No. 3859.   Decided April 15, 1901.]

THE STATE OF WASHINGTON *on the Relation of J. W. Wallace* v. SUPERIOR COURT OF KING COUNTY.

MANDAMUS — JURISDICTION OF SUPREME COURT — AMOUNT IN CONTROVERSY.

Mandamus will not lie to compel the superior court to try an action where the amount involved is less than $200, since the constitutional provision giving the supreme court jurisdiction

in mandamus as to state officers must be construed in connection with the provision in the same section prohibiting the appellate jurisdiction of the supreme court, where the amount in controversy is less than $200.

*Original Application for Mandamus.*

*Bogle & Richardson* (*Vance & Mitchell,* of counsel), for relator.

*George E. Morris,* for respondent.

PER CURIAM. This is an application in mandamus. Petitioner seeks to compel the superior court of King county to take jurisdiction of a certain cause and hear it on its merits. The case is an appeal from the justice's court of King county, and involves the construction of § 6755, Bal. Code. The appeal was dismissed by the superior court, on motion, because the court held that under the statute the record did not show that the notice of appeal had been filed before it had been served on the adverse party. But it is not necessary for us to go into a discussion of the merits of this motion, for mandamus will not lie in this case in any event. If the court placed a wrong construction upon the statute,—a question upon which we do not pass,—it was simply an error in the construction of the statute. It is said by counsel for the relator that the decision of the court was upon the construction of a statute, and not as to its validity; that no appeal will lie; and that therefore the relator will be without remedy. We think the relator is without remedy, under the provisions of the constitution, and that matters not involving $200 are submitted to the discretion and judgment of the superior court, and that a party cannot by indirection obtain a review by this court of a proposition of law which he could not obtain directly by appeal. This question has been decided by this court several times.

In *State ex rel. Gillette v. Superior Court of Spokane County,* 22 Wash. 496 (61 Pac. 158), the court, in reviewing this proposition, said:

"The petitioner bases his claim to the writ on the ground that there is no appeal or other adequate remedy at law. The constitution provides that, except in certain cases specifically mentioned, the appellate jurisdiction of this court shall not extend to cases where the original amount in controversy or the value of the property does not exceed the sum of $200, and we have frequently decided that a party litigant cannot by indirection obtain a review of his cause which he cannot obtain directly by appeal. It was evidently the intention of the constitution makers that the superior court should have exclusive jurisdiction in actions where the original amount in controversy did not exceed $200."

This identical question was again decided by this court in *State ex rel. McIntyre v. Superior Court of Spokane County,* 21 Wash. 108 (57 Pac. 352), where the controversy was an appeal from the justice's court, and where the amount was less than $200; and we held that the constitutional provision giving the supreme court original jurisdiction as to mandamus of state officers must be construed with reference to the construction of the same section prohibiting the jurisdiction of the supreme court in cases of appeal where the amount in controversy was less than $200, and hence the supreme court has no jurisdiction by mandamus to compel the superior court to try an action where the amount involved was less than $200. In many other cases we have held substantially as in those cited.

This cause falling within the rule announced, the writ will be denied.