[No. 4576.    Decided February 18, 1903.]

THE STATE OF WASHINGTON, *on the Relation of Harry Fuller*, v. SUPERIOR COURT OF KING COUNTY, *George E. Morris, Judge.*

PROHIBITION, WRIT OF — WHEN LIES — AMOUNT IN CONTROVERSY.

The fact that the superior court has no jurisdiction to try and determine an appeal from a justice of the peace is not ground for the issuance of a writ of prohibition, where the amount in controversy is less than $200, since the judgment of the superior court is conclusive in such cases, under the constitutional provisions limiting the appellate jurisdiction of the supreme court.

*Original Application for Prohibition.*

*James A. Snoddy,* for relator.

*Lawrence Sledge,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an application for a writ of pro-
hibition to restrain the Hon. George E. Morris, one of
the judges of the superior court of King County, from tak-
ing cognizance of a certain cause wherein one J. W. Fiddes
was plaintiff and Harry Fuller defendant, said cause hav-
ing been appealed from the justice of the peace's court
in Seattle, King county.

The petition alleges the judgment in the justice's court
in favor of petitioner and against the said Fiddes, and a
notice of appeal from the judgment to the superior court
of King county; that said superior court has no juris-
diction to try and determine said cause upon said appeal
or otherwise, and is threatening to act without jurisdic-
tion; that no bond on appeal in said cause has ever been
given or filed in said cause in the manner or form required
by law, and that the amount involved in said cause is less
than $100, exclusive of costs, interest, and attorney's fees;
that there is no adequate remedy at law, because there is
no appeal from the judgment in such case.   The state-
ment in the petition that the amount involved is less than
$100 renders it unnecessary to discuss the question of the
legality of the bond or any other question of practice, as
this court will not issue a writ of prohibition to the superior
court in an action at law where the amount involved is less
than $200.   It is contended by the relator, Fuller, that
the case of *State ex rel. Alladio v. Superior Court of King
County,* 17 Wash. 54 (48 Pac. 733) sustains the conten-
tion that the writ of prohibition will issue from this court
to a superior court to prevent its trying a case which is
without its jurisdiction.   The question discussed in that
case was the legality of the notice of appeal and its proper
service.   It is true it was stated in that case that this court

had previously decided that it had authority to issue the writ in such case, as it no doubt had in some of the earlier cases. But those cases have been overruled since that time by this court in many instances. In *State ex rel. McIntyre v. Superior Court of Spokane County,* 21 Wash. 108 (57 Pac. 352), this question was squarely presented in a mandamus case where the case of *State ex rel. Shannon v. Hunter,* 3 Wash. 92 (27 Pac. 1076) was overruled in this particular, and the court, in concluding its argument said:

"It is true that the constitution (art. 4, § 4) provides that the supreme court shall have original jurisdiction in habeas corpus, quo warranto and mandamus as to all state officers; but that provision must be construed in relation to the other provision just mentioned, which was intended as a limitation upon the jurisdiction of the supreme court. [The provision referred to was the constitutional provision that this court shall not have appellate jurisdiction where the amount in controversy does not exceed the sum of $200, with certain exceptions.] It certainly was not the intention of the framers of the constitution, and would not be in harmony with any consistent theory of adjudication, to hold that a litigant could obtain the opinion of this court by mandamus upon a question of law, where he would be precluded from obtaining it upon appeal; . . . The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination."

This case was followed by *State ex rel. Gillette v. Superior Court of Spokane County,* 22 Wash. 496 (61 Pac. 158), which was an application for a writ of review, and the court in that case, in refusing the writ, said:

"The constitution provides that, except in certain cases specifically mentioned, the appellate jurisdiction of this court shall not extend to cases where the original amount in controversy or the value of the property does not exceed the sum of $200, and we have frequently decided that a

party litigant cannot by indirection obtain a review of his cause which he cannot obtain directly by appeal. It was evidently the intention of the constitution makers that the superior court should have exclusive jurisdiction in actions where the original amount in controversy did not exceed $200."

It is argued by the petitioner that these cases are not in point, for the reason that one was an application for a writ of review, and the other for a writ of mandamus. But this argument is not sound. If we should grant the writ of prohibition in this case, it would, in effect, be a review of the judgment of the superior court on a question of statutory law, and the result would be (what we said in the case above cited should not be) that the relator would obtain by indirection what he could not obtain directly by appeal, viz., the judgment of this court on the action of the judge of the superior court in a cause involving less than $200. Prohibition is the counterpart of mandamus. This must necessarily be so from the nature of the remedies, and is so especially pronounced by the statute. § 5769, Bal. Code. It frequently occurs that one superior court in the state will refuse to entertain jurisdiction of a particular cause, while another superior court entertains jurisdiction of a similar cause. Could it be said that this court, in passing upon the principles involved, which are identical in the two cases, would hold that the judgment of the superior court in the case where it refused to entertain jurisdiction and try the cause was final and conclusive, while the judgment of the court which was entertaining the cause and assuming jurisdiction should be reviewed by this court? Such a conclusion is illogical, and would result in confusion and wrong. The two cases of *McIntyre v. Superior Court* and *Gillette v. Superior Court, supra,* are again reviewed in *State ex rel. Wallace v. Superior Court of King County,*

24 Wash. 605 (64 Pac. 778), and the doctrine again announced that the judgment of the superior court is conclusive in controversies where the amount involved is less than $200; and where it was again said that the relator was without remedy under the provisions of the Constitution, that matters not involving $200 are submitted to the judgment and discretion of the superior court, and that a party cannot by indirection obtain a review by this court of a proposition of law, a review of which he could not obtain directly by appeal. But, in addition to this, the same rule was announced by this court in the late case of *State ex rel. Carrau v. Superior Court of King County*, 30 Wash. 700 (71 Pac. 648), a prohibition case.

The petition will be denied.

FULLERTON, C. J., and MOUNT and HADLEY, JJ., concur.