[No. 5225.   Decided April 4, 1905.]

The State of Washington, on the Relation of Willard Cleek, Plaintiff, v. Boyd J. Tallman, as Judge etc., Defendant.[1]

Prohibition—When Lies—To Prevent Vacation of Judgment—Remedy by Appeal.  Prohibition does not lie to prevent the vacation of an assessment lien judgment and the foreclosure sale thereunder, since, if the order of vacation finally affects substantial rights, there is an adequate remedy by appeal, and if it does not the relator is not entitled to the writ.

Same—Cessation of Controversy—Litigation of Costs.  Where an appeal from an order vacating a judgment will not lie because the controversy has ceased to exist, except as to the matter of costs, a writ of prohibition will not issue to prevent the vacation of the judgment, since the writ will not run to indirectly give the court jurisdiction to try an issue which it has no jurisdiction to try on appeal.

Application filed in the supreme court June 10, 1904, for a writ of prohibition to prevent the superior court for King county, Tallman, J., from vacating a judgment. Writ denied.

*John W. Whitham*, for plaintiff.

*F. S. Thorp*, for defendant.

Dunbar, J.—This matter comes up upon an application for a writ of prohibition, restraining the superior

[1] Reported in 80 Pac. 272.

court of the state of Washington for King county from
vacating a judgment heretofore rendered, entitled, The
City of Ballard v. Marie Vincente Hadevis and Frank
Hadevis, her husband, and setting aside the sale of certain
real estate made to satisfy said judgment. Said action
was instituted for the purpose of foreclosing a street as-
sessment lien on certain property in the town of Ballard.
The summons was by publication, the publication having
been made upon an affidavit by the city attorney that the
defendants were not residents of the state of Washington.
Within a year of the rendering of said judgment, the
application to set aside the judgment was made, on the
ground that no notice had been given to the owners of
the property, and that they had been, during all of the
time of publication, and for a long time prior thereto,
residents of the state of Washington. The application to
vacate showed that the defendants had tendered to the
treasurer of the said city of Ballard the full amount of
taxes, penalty, and interest, claimed by the city, but that
said amount so tendered was refused, and, upon such re-
fusal, had been deposited with the clerk of the superior
court for the use of said city, and for the payment of
said taxes. Upon this showing the court indicated that
it would vacate the judgment.

We think the writ of prohibition cannot be properly
issued in this case. While ordinarily there is no appeal
from an order vacating a judgment, yet, if it is a final
order which affects the substantial rights of the parties,
an appeal will lie. If this order complained of does not
affect the substantial rights of the relator, he has no
standing which would warrant him in asking for this
writ. If it does affect his substantial rights finally, then
the order vacating the judgment would be appealable,
and the writ would not issue, under the uniform rulings of
this court.

But the relator insists that an appeal would not lie for the reason that the subject of the controversy has ceased, because the taxes, penalty, and interest have been paid, and that there would be nothing left to litigate but the costs of the action, and that this court would, under its previous rulings, therefore refuse to entertain an appeal. This is true. But it is also true that we have as uniformly decided that the extraordinary writ of prohibition would not run for the purpose of giving this court jurisdiction to try an issue which it would not have jurisdiction to try on appeal in other words, that the relator would not be allowed by indirection to do that which he could not directly do. The question of costs only will not be litigated by this court on an application for a writ of prohibition, any more than it will be on an appeal.

The writ will be denied.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.