[No. 5700. Decided November 13, 1905.]

THE STATE OF WASHINGTON, *on the Relation of A. L. Plaisie, et al., Appellant,* v. M. M. COLE, *as Justice of the Peace, etc., Respondent.*[1]

APPEAL—MANDAMUS— AMOUNT IN CONTROVERSY—JURISDICTIONAL REQUISITE. The supreme court has no jurisdiction of an appeal from a judgment of the superior court in a proceeding for a mandamus to compel a justice of the peace to grant a change of venue, where the original amount in controversy was less than two hundred dollars.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered August 29, 1904, denying on the merits an application for a writ of mandamus to compel a justice of the peace to grant a change of venue. Appeal dismissed.

*Million & Houser,* for appellant.

RUDKIN, J.—Max Boynton commenced an action before one of the justices of the peace of Skagit county, to recover the sum of $27.77. Defendants appeared in the action and filed an affidavit to the effect that they believed that they could not have a fair and impartial trial before said justice, and demanded a change of venue. The change of venue was granted, and the papers in the case transmitted to another justice of the peace of said county, as provided by law. The defendants appeared before the justice to whom the case was transferred, and filed a second affidavit of like import, and demanded a second change of venue. The demand for a second change of venue was denied. The defendants refused to appear further, and judgment was taken against them in the sum of $27.77 and costs of suit. Execution issued on this judgment, and the property of the defendants was seized to satisfy the same. The defendants thereupon applied to

[1]Reported in 82 Pac. 749.

the superior court for a writ of mandate against the justice of the peace to whom the case was transferred, to compel him to award the second change of venue as prayed. The court denied the writ, and the relators have appealed to this court.

No brief has been filed by or on behalf of the respondent. Has this court jurisdiction of this appeal? In *Parrish v. Read,* 2 Wash. 491, 27 Pac. 230, 28 Pac. 372; *State ex rel. Shannon v. Hunter,* 3 Wash. 92, 27 Pac. 1076; *State ex rel. Maltby v. Superior Court,* 7 Wash. 223, 34 Pac. 922; *State ex rel. Pacific Coast S. S. Co. v. Superior Court,* 12 Wash. 548, 41 Pac. 895; *Mudgett v. Liebes,* 14 Wash. 482, 45 Pac. 92; *State ex rel. Brown v. Superior Court,* 15 Wash. 314, 46 Pac. 232; *State ex rel. Smith v. Neal,* 25 Wash. 264, 65 Pac. 188, 68 Pac. 1135; and *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207, this court entertained original or appellate jurisdiction of mandamus proceedings where the original amount in controversy was less than $200. The question of jurisdiction does not seem to have been raised or decided in any of these cases. In *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352, it was held, after full consideration, that this court had no jurisdiction of a mandamus proceeding to compel the superior court to reinstate an appeal which it had theretofore dismissed, where the amount in controversy in the original action was less than $200. In discussing the question of jurisdiction, the court said:

"It is true that the constitution (art. 4 § 4) provides that the supreme court shall have original jurisdiction in habeas corpus, *quo warranto* and mandamus as to all state officers; but that provision must be construed in relation to the other provision just mentioned, which was intended as a limitation upon the jurisdiction of the supreme court. It certainly was not the intention of the framers of the constitution, and would not be in harmony with any consistent theory of adjudication, to hold that a litigant could obtain the opinion of this court by mandamus upon a question of law, where he would be precluded from obtaining it upon appeal; or, in other words,

that he would be placed in a better position by reason of the amount involved in the litigation falling under $200 than if it exceeded that amount. The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination."

This case was followed and approved in *State ex rel. Wallace v. Superior Court,* 24 Wash. 605, 64 Pac. 778, on a similar state of facts. In *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, the court held that it had appellate jurisdiction of a mandamus proceeding notwithstanding the amount in controversy was less than $200. The decision seems to have been based on the ground that mandamus is not a civil action at law for the recovery of money, within the meaning of the constitutional provision limiting the jurisdiction of this court. The court cites *Mudgett v. Liebes,* and *State ex rel. Smith v. Neal, supra,* but makes no reference to *State ex rel. McIntyre v. Superior Court* or *State ex rel. Wallace v. Superior Court.* In certiorari, review, and kindred proceedings, this court has uniformly held that it has no jurisdiction where the original amount in controversy is less than $200 *(State ex rel. Gillette v. Superior Court,* 22 Wash. 496, 61 Pac. 158; *State ex rel. Bassett v. Freasure,* 39 Wash. 198, 81 Pac. 688), and we see no reason why mandamus should be an exception to this rule.

The facts in this case would seem to demonstrate the correctness of the rule laid down in the *McIntyre* case. The amount sued for is less than $30. Why should the parties be permitted to bring such a controversy before this court under the guise of mandamus, when the framers of the constitution manifestly intended that the judgments of the superior courts should be final in all such minor controversies? After a re-examination of the question, we are satisfied that the rule laid down in *State ex rel. McIntyre v. Superior Court,* and *State ex rel. Wallace v. Superior Court, supra,* is

the correct one, and the case of *State ex rel. Dudley v Daggett, supra,* is overruled in so far as it conflicts therewith or with the views herein expressed.

Appeal dismissed for want of jurisdiction.

MOUNT, C. J., FULLERTON, DUNBAR, CROW, HADLEY, and ROOT, JJ., concur.