[No. 5798. Decided December 13, 1905.]

THE STATE OF WASHINGTON, *on the Relation of C. W. Ide,*
*Respondent,* v. CHARLES E. COON, *as Mayor of the*
*City of Port Townsend, et al., Appellants.*[1]

APPEAL—DISMISSAL—AMOUNT IN CONTROVERSY—JURISDICTIONAL RE-
QUISITE—MANDAMUS TO ENFORCE A JUDGMENT AGAINST A CITY FOR LESS
THAN $200. Where the amount in controversy is less than $200, an
appeal does not lie from a judgment of the superior court awarding
a writ of mandate to compel the city officers to issue a warrant to
pay a judgment, although the judgment was one entered by the su-
preme court for costs against the state, in an action prosecuted by
the city, and the legal contention was involved that the city was not
liable on the judgment.

Appeal from a judgment of the superior court for Jeffer-
son county, Hatch, J., entered May 19, 1905, after a hearing
on the merits, granting a writ of mandate directing the issu-
ance of warrants in payment of a judgment against a city.
Appeal dismissed.

*A. W. Buddress,* for appellants.

*Coleman & Ballinger,* for respondent.

DUNBAR, J.— Relator was found guilty of not paying a
poll tax, which was alleged to have been levied under  an
ordinance of the city of Port Townsend, upon certain male
inhabitants. From that judgment he appealed to this court,
where the judgment was reversed and the costs were awarded
in his favor against the state of Washington, the title of the
case being State of Washington, Plaintiff, v. C. W. Ide, De-
fendant. [35 Wash. 576, 77 Pac. 961.] In reversing the
case, this court awarded judgment in favor of Mr. Ide and
against said respondent there, said state of Washington. The
remittitur was duly sent down and entered in the execution
docket of the superior court, and was satisfied of record, a
certified copy of the remittitur and a certified copy of the

1Reported in 82 Pac. 993.

docket showing such satisfaction were presented to the mayor
and clerk, and a warrant was demanded in payment of the
judgment for costs, which was refused.   Thereupon, a pro-
ceeding in mandamus was commenced against the appellants,
and from a judgment directing the issuance of the warrant
for costs of this proceeding, this appeal is prosecuted.

The petition of the relator alleged, that the city of Port
Townsend was the party who prosecuted the action against
the relator; alleged, as a pretext for refusal to pay the costs,
that the judgment was a judgment against the state of Wash-
ington and not against said city; that the prosecution was
in the interest of the said city; that the prosecution was by
the city attorney, from its inception to the trial in the su-
preme court; that the city by its attorney appeared in the
supreme court and contested the appeal of relator, and filed
a brief therein; that said city paid the costs and expenses of
resisting said appeal.   There are no allegations in the answer
that affect the questions involved here.   Upon the issues made
by the pleadings, judgment was entered in favor of the re-
lator, respondent in this case, and against the mayor and
clerk for costs; and from that judgment the mayor and clerk
prosecute this appeal.

The amount involved in the petition was $115, and upon
the calling of the case in this court for oral argument, on
the 14th day of November, 1905, the respondent moved to
dismiss the appeal for the reason that this court had no juris-
diction to hear the same, the amount involved falling within
the provision of art. 4, § 4, of the constitution, which provides:

"The supreme court shall have  .  .  .  appellate juris-
diction in all actions and proceedings, excepting that its ap-
pellate jurisdiction shall not extend to civil actions at law
for the recovery of money or personal property when the
original amount in controversy or the value of the property
does not exceed the sum of two hundred dollars."

The court was of the opinion that the motion should be
sustained, but granted the appellants time to file a brief on

that proposition. The brief has been received, and an earnest effort has been made by counsel for appellants to distinguish this case from the case of *State ex rel. Plaisie v. Cole, ante,* p. 474, 82 Pac. 749.

The main contention of appellants is that the mandamus proceeding in this case was a proceeding to enforce an execution on the judgment of this court, and not in any sense a civil action for the recovery of money; that the judgment of this court, having been a judgment for costs against the state, it cannot be recovered against the city; and that this court has power and jurisdiction at all times and under all circumstances to enforce its judgments; and the case of *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796, is cited to sustain the contention. But that case, it seems to us, is not in point, for the reason that it was a direct application in this court to compel an obedience to the judgment of this court. The case of *State ex rel. Plaisie v. Cole, supra,* was a mandamus case to compel a justice of the peace to grant a change of venue, and we held there that, inasmuch as the amount in controversy in the original action was less than $200, this court would not take jurisdiction of the appeal under the constitutional provision above referred to, and the case of *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, was overruled. In that case it was held that, where a mandamus was sought for the purpose of compelling the proper city officers to issue a warrant for the payment of an officer's salary, the amount involved being less than $200, this court would take jurisdiction of an appeal in the case on the ground that mandamus is not a civil action at law for the recovery of money, within the meaning of the constitutional provision limiting the jurisdiction of this court. The court then returned to the announcement made in its former decisions, viz., *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352, and *State ex rel. Wallace v. Superior Court,* 24 Wash. 605, 64 Pac. 778, where the doctrine was announced that the constitutional limitation ap-

plied to cases that were brought in the form of mandamus the same as any other civil action.

The mandamus proceeding was instituted in this case to determine a legal question, viz., whether the city should pay the costs of the preceding suit by reason of the fact that it was the complaining witness and was liable therefor when the prosecution failed. But it is not the legal question involved in a case which is the test of the jurisdiction of this court, but the amount involved. There are legal questions involved in every case of mandamus, and the case of *State ex rel. Dudley v. Daggett, supra,* which was overruled in *State ex rel. Plaisie v. Cole,* was as much a case for the enforcement of an execution as the case at bar. Here the action was to obtain a warrant to satisfy an alleged judgment. There it was to obtain a warrant for the payment of an alleged salary. Here the legal contention was that the city was the real party in interest, and therefore liable for the costs. There the legal contention was that the relator was not an officer entitled to receive the salary. In both cases there was a legal controversy to be determined. Those questions having been submitted to the superior court, and the amount claimed not exceeding $200, under the construction placed upon the constitution in *State ex rel. McIntyre v. Superior Court, supra,* they were intrusted exclusively to the judgment and disposition of the superior court. In that case it was said:

"The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination."

Outside of the question of the power of this court to enforce its own judgments, which as we have seen is not involved in this case, this suit would be like any other suit on a judgment. If it were a judgment from a sister state that was sued upon for less than $200, it would not be claimed

that this court would have jurisdiction on appeal from a judgment rendered in that suit. There is no more reason why jurisdiction should attach when the suit is upon a judgment from this court.

We conclude that the motion is well taken, and must be sustained. The appeal is dismissed.

MOUNT, C. J., ROOT, CROW, RUDKIN, and HADLEY, JJ., concur.