[No. 15152.  Department Two.  January 9, 1919.]

THE STATE OF WASHINGTON, *on the Relation of*
*Edgar M. Swan, Plaintiff*, v. THE SUPERIOR
COURT FOR CLARKE COUNTY, *R. H. Back*,
*Judge, Respondent.*[1]

MANDAMUS (70)—JURISDICTION—APPELLATE COURTS—AMOUNT IN
CONTROVERSY. In view of Constitution, art. 4, § 4, limiting the appellate jurisdiction of the supreme court, mandamus does not lie to
compel the superior court to dismiss an action at law for the recovery of money where the original amount in controversy was less
than $200.

Application filed in the supreme court December 2,
1918, for a writ of mandate to compel the superior
court for Clarke county, Back, J., to dismiss an action.
Denied.

*Henry Crass* and *Edgar M. Swan*, for relator.

*Geo. B. Simpson*, for respondent.

PARKER, J.—The relator, Swan, seeks a writ of mandamus from this court to compel the superior court
for Clarke county to dismiss an action pending therein,
wherein C. McIrvin is plaintiff and the relator is defendant. The dismissal was asked in that court upon
the ground that settlement of the controversy had been
made between McIrvin and the relator, and proper
written evidence thereof filed in the action. The superior court denied the application for dismissal, apparently on the ground that McIrvin's assignor of the
claim sued upon had some rights involved in the action which would be prejudiced by the dismissal. The
action is a pure law action for the recovery of money
only, and does not involve "the legality of a tax, impost, assessment, toll, municipal fine, or the validity

[1] Reported in 177 Pac. 679.

of a statute;'' the original amount in controversy and sought to be recovered being only $125.

It seems quite plain to us, under our constitutional limitation upon the jurisdiction of this court, and the settled law of this state, that we have no jurisdiction to issue a writ as prayed for. Section 4, art. 4, of our constitution, defining the appellate jurisdiction of this court, reads as follows:

''Its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.''

Plainly the relator is here seeking to have us review a ruling of the superior court made in an action which is not appealable to this court; that is, a ruling made in an action by a court which is the court of last resort, in so far as that action is concerned. If the ruling of the superior court can be reviewed in this court by mandamus, prohibition, or certiorari, then the constitutional limitation upon this court's appellate jurisdiction would be rendered of no practical effect. It seems to us that to review alleged errors of the superior court in such cases is but to exercise appellate jurisdiction, regardless of whether the proceeding bringing the question into this court for review may be called appeal, mandamus, prohibition, or certiorari. In *State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 149 Pac. 321, Judge Ellis, speaking for the court, well stated the law as follows:

''This court has also held that, when the amount involved is less than $200, and the case does not fall within any of the exceptions to the limitation of our jurisdiction to cases in excess of that amount con-

tained in art. 4, § 4, of the constitution, the extraordinary remedies of prohibition and mandamus will not lie, either to prohibit the superior court from assuming jurisdiction when it has none, or to compel the superior court to exercise a jurisdiction which it has. This on the ground that the jurisdiction of this court in the issuance of the writs of mandamus and prohibition must be construed as subject to the same constitutional limitation as in other cases where the amount in controversy is less than $200. From the nature of the remedies, prohibition is the counterpart of mandamus, and the same rule must therefore apply to both. *State ex rel. Fuller v. Superior Court,* 31 Wash. 96, 71 Pac. 722; *State ex rel. Cleek v. Tallman,* 38 Wash. 132, 80 Pac. 272; *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352; *State ex rel. Wallace v. Superior Court,* 24 Wash. 605, 64 Pac. 778; *State ex rel. Plaisie v. Cole,* 40 Wash. 474, 82 Pac. 749; *State ex rel. Ide v. Coon,* 40 Wash. 682, 82 Pac. 993.''

In *State ex rel. Rutter v. Superior Court,* 91 Wash. 304, 157 Pac. 684, involving an attempted review by certiorari of a ruling of a superior court, which was not appealable because it was not final, we said:

''If parties can by this writ obtain review in this court of alleged errors in the making of interlocutory orders not appealable, then the limitation of the statute upon the right of appeal from orders other than final judgments would be of no practical effect and the evils of reviewing interlocutory orders prior to final judgment would not be prevented. It seems plain to us that the very fact that this order is not appealable prevents our reviewing the alleged error in the making of it, other than by appeal from the final judgment to be rendered in the action.''

And so here, the very fact that no order or final judgment rendered in the action here involved is appealable to this court, prevents our reviewing, by mandamus or any other procedure, any ruling or judgment of the court made therein.

This court's jurisdiction has not been challenged by counsel resisting the relator's application, but since we have no jurisdiction over the subject-matter, we feel constrained to decline jurisdiction, of our own motion.

The writ is denied.

MAIN, C. J., MOUNT, HOLCOMB, and FULLERTON, JJ., concur.