[No. 21213. Department Two. June 14, 1928.]

THE STATE OF WASHINGTON, *on the Relation of J. A. Rockas & Company, Appellant,* v. CLAUDE G. BANNICK, *Respondent.*[1]

[1] APPEAL (33)—MANDAMUS (94)—REVIEW—AMOUNT IN CONTROVERSY—MANDAMUS TO ENFORCE JUDGMENT FOR LESS THAN $200. The supreme court has no jurisdiction of an appeal in mandamus to enforce, by execution, a judgment where the amount in controversy is less than the jurisdictional amount of $200 provided in the constitution.

Appeal from an order of the superior court for King county, Moriarty, J., entered November 15, 1927, denying a petition for a writ of mandate to compel the levy of an execution. Appeal dismissed.

*C. D. Liliopoulos,* for appellant.

*Ewing D. Colvin* and *Arthur M. Hare,* for respondent.

ASKREN, J.—This is an appeal from a judgment of the superior court of King county denying a petition for a writ of mandate.

On October 21, 1927, the appellant filed a petition in which it alleged, briefly, as follows: That it was the owner of a judgment for $152.65 which it had recovered against certain co-partners doing business as the Alaska Cafe and Restaurant in Seattle; that execu-

[1]Reported in 268 Pac. 141.

tion was issued thereon and delivered to the sheriff of. King county for levy as provided by law; that the sheriff refused to execute the levy, because he had a short time before sold the property sought to be levied upon to satisfy a landlord's lien; that the landlord's lien was enforced by notice and sale; that because it was enforced in such manner, the sale was null and void and the property was still that of the copartners and subject to execution. It further prayed that a writ of mandate issue to the sheriff commanding him to proceed with the levy.

Upon hearing, the court denied the petition, and this appeal followed.

[1] At the outset, we are met with the question of jurisdiction. From the facts just recited it is apparent that the amount in controversy is less than $200, which is the jurisdictional amount on appeal.

We have heretofore held that this court will not assume jurisdiction where the amount is below that stated in the constitution. Our cases are collected and commented upon in *State ex rel. Ide v. Coon,* 40 Wash. 682, 82 Pac. 993. That case arose over the appeal of the city of Port Townsend from a writ of mandate issued by the superior court requiring the issuance of a warrant by the city in payment of the costs of a legal proceeding. The city sought to show that the mandamus proceeding was a proceeding to enforce an execution on the judgment of this court for costs and that therefore it was not a civil action for the recovery of money. In that action we held that it was not the legal question involved in a case that determined the jurisdiction, but the amount claimed, and quoted approvingly from *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352, that;

''The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to

the final judgment of the superior court, and that as to such cases the superior court is the court of final determination." *State ex rel. McIntyre v. Superior Court*, 21 Wash. 108, 57 Pac. 352.

Under the authority of the cases cited, the appeal is dismissed.

FULLERTON, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.