[No. 26790. Department One. October 18, 1937.]

JACOB S. SMITH, *Respondent*, v. C. C. BAUGHMAN, *Appellant*.[1]

*U. D. Gnagey*, for appellant.
*Hardin & Hardin*, for respondent.

[1]Reported in 72 P. (2d) 295.

SIMPSON, J.—This action was instituted by relator, one of the county commissioners of Whatcom county, against the defendant, the county auditor, asking for a writ of mandate to compel the issuance of a salary warrant to relator for the month of January, 1937.

The relator filed his petition for such writ on February 26, 1937, alleging as follows: That the defendant was the county auditor of Whatcom county and that the relator was one of the county commissioners of Whatcom county, having been elected in November, 1934, for a term of four years from the second Monday in January, 1935, and that he had duly qualified as such commissioner; that his salary as commissioner was fixed by law in the sum of $166.66 per month. The petition further alleged that the pay roll of the officers of Whatcom county, including relator, for the month of January, 1937, was, on or about the thirtieth day of January, 1937, ordered paid by the board of county commissioners of that county. That thereafter the defendant county auditor, after demand had been made therefor, refused to draw, issue and deliver to relator his warrant in the sum of $166.66; and relator then prayed the court for a judgment authorizing a writ of mandate to compel the defendant county auditor to pay the amount named as salary.

The defendant answered, alleging that the relator at the time of his election was not a legal voter or resident in the commissioner's district from which he was elected, and for that reason he refused to issue the salary warrant due relator.

After a trial on the merits, the court granted the petition as prayed for in the complaint. This appeal followed. Respondent has moved this court to dismiss the appeal on the ground of lack of jurisdiction.

From the facts just related, we find that the amount sued for is less than two hundred dollars named as the

jurisdictional amount on appeal in Art. IV, § 4, of our state constitution, which reads:

"The supreme court shall have . . . appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy . . . does not exceed the sum of two hundred dollars . . ."

 For some time, there was discord in the opinions concerning the jurisdiction of the supreme court on appeals from a mandamus case where the amount was less than two hundred dollars.

In the case of *State ex rel. McIntyre v. Superior Court*, 21 Wash. 108, 57 Pac. 352, this court held that it did not have jurisdiction to consider an appeal in any mandamus action where the amount in controversy was less than two hundred dollars.

Then in the case of *State ex rel. Dudley v. Daggett*, 28 Wash. 1, 68 Pac. 340, the court assumed jurisdiction of an appeal from a judgment in a mandamus action where the amount was less than that named in the constitution.

The court then in the case of *State ex rel. Plaisie v. Cole*, 40 Wash. 474, 82 Pac. 749, held that the supreme court did not have jurisdiction where the amount in controversy was less than two hundred dollars. In this case, the court dismissed an appeal where the superior court had denied a writ of mandate to compel a justice of the peace to grant a change of venue to a defendant who had already been granted a change of venue from another justice court. The amount in controversy was $27.77, and the appeal was dismissed for the reason that the amount involved was less than the minimum amount named in the constitution. In this case, the court expressly overruled the case of *State ex rel. Dudley v. Daggett, supra*.

Former cases involving this question were collected and commented upon in the case of *State ex rel. Ide v. Coon,* 40 Wash. 682, 82 Pac. 993. In that case, a writ of mandate was awarded which compelled the mayor and city clerk to issue a warrant in payment of costs which had accrued in another case, the amount involved being $115. This court dismissed the appeal on the ground that it did not have jurisdiction on account of the fact that the amount in controversy was less than two hundred dollars.

Again, in the case of *State ex rel. Rockas & Co. v. Bannick,* 148 Wash. 120, 268 Pac. 141, it was held that this court did not have jurisdiction of the appeal in a mandamus case where the amount was $152.65. In that case, a writ of mandate was sought to compel the sheriff to levy an execution upon certain property. The court quoted with approval from *State ex rel. McIntyre v. Superior Court, supra,* as follows:

" 'The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination.' "

It will be noticed that these cases have decided that this court does not have jurisdiction to entertain an appeal from a judgment in a mandamus action where the amount in controversy is less than the two hundred dollars named in the constitution.

Upon the authority of the cited cases, we hold that the motion for dismissal should be granted. It is so ordered.

STEINERT, C. J., HOLCOMB, MAIN, and BLAKE, JJ., concur.