[No. 29411.    Department One.    November 10, 1944.]

THE STATE OF WASHINGTON, *on the Relation of C. A. Kinney, Respondent*, v. HARLEY E. CHAPMAN, *as Auditor of Benton County, Appellant*.[1]

*Cheney & Hutcheson,* for appellant.

*George O. Beardsley,* for respondent.

MILLARD, J.—As determined by the last (1940) Federal census, Benton county is classified as a county of the fifth class (Rem. Rev. Stat. (Sup.), § 4200-1a [P. C. § 1567-11]). The statute (Rem. Rev. Stat. (Sup.), § 4200-5a [P. C. § 1567-16]) which fixes the salary of the sheriff for counties of the fifth class at two thousand dollars per annum, or $166.66 monthly, provides that no deputy "shall receive larger compensation than provided for the officer employing him." The sheriff employed relator as a deputy sheriff at an agreed salary of $2,700 per annum, or $225 monthly, or

[1]Reported in 152 P. (2d) 978.

$7.25 daily. Relator worked one day, March 11, 1944. Payroll voucher was approved by the board of county commissioners for payment. Harley E. Chapman, auditor for Benton county, refused to honor the voucher in the amount of $7.25 and to issue a warrant therefor, on the ground that the voucher is for compensation of a deputy sheriff in excess of the salary provided by the statute for the sheriff who employed the deputy.

Relator instituted a proceeding for a writ of mandamus to compel the auditor for Benton county to issue and deliver to the relator a warrant upon the current expense fund of Benton county in the sum of $7.25. It was relator's position that the restrictive provision of the statute (Rem. Rev. Stat. (Sup.), § 4200-5a) is inapplicable, for the reason that Benton county was faced with an emergency situation by reason of the great influx of population and increased volume of crimes produced by a defense project within its boundaries, thereby necessitating employment of additional experienced and capable deputies to enable the sheriff to perform the mandatory duties of his office as required by law, which deputies could not be obtained if the sheriff were not permitted to pay wages to the deputies in excess of the sheriff's salary.

The trial court expressed the view that no constitutional question was involved; that the statute (Rem. Rev. Stat. (Sup.), § 4200-5a) was not unconstitutional when enacted, and cannot become unconstitutional because of an abnormal and unanticipated condition subsequently arising which would prevent the sheriff from discharging the mandatory duties of his office under the limitation. The court stated that all the authority in the state is to the effect that the limitations of our constitution yield to the necessity of discharging governmental functions, and that the limitation of a statute would fail to be operative in a like case.

*State ex rel. Porter v. Superior Court,* 145 Wash. 551, 261 Pac. 90, which was an original action of certiorari in this court to review a judgment entered by a superior court, affirming an order of the board of county commissioners

declaring that an emergency existed in the office of the sheriff of that county and appropriating one thousand dollars to meet the emergency, is cited to sustain the court's view that the maintenance of the sheriff's office is a mandatory necessity. The court concluded that the evidence established the facts that an emergency existed as alleged, that more deputies are required, and that deputies cannot be procured at the maximum statutory salary of two thousand dollars per annum. Peremptory writ of mandamus was issued requiring the auditor to issue and deliver to relator a warrant in the sum of $7.25. The auditor appealed.

Counsel for respondent argues that the statute limiting the salary of deputy sheriffs to the amount of the salary of the sheriff is inapplicable or not relevant and "must be laid aside" when, as in the case at bar, the sheriff is unable to perform the mandatory duties of his office as required by law unless he is permitted to pay a salary to his deputies in excess of the salary received by the sheriff.

■ Manifestly, the amount ($7.25) in controversy is insufficient to bring the action within the appellate jurisdiction of this court, unless the validity of a statute is involved.

Article IV, § 4, of the constitution of this state, defining the appellate jurisdiction of this court, prescribes

". . . its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

The validity of the statute (Rem. Rev. Stat. (Sup.), § 4200-5a) is not involved within the meaning of the constitutional provision quoted above, but only the application of the statute to the facts presented.

In *State ex rel. Ide v. Coon,* 40 Wash. 682, 82 Pac. 993, we held that, where the amount in controversy is less than two hundred dollars, an appeal does not lie from a judgment of the superior court awarding a writ of mandate to compel

the city officers to issue a warrant to pay a judgment, although the judgment was one entered by the supreme court for costs against the state, in an action prosecuted by the city, and the legal contention was involved that the city was not liable on the judgment. In criticising *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, which was overruled by *State ex rel. Plaisie v. Cole,* 40 Wash. 474, 82 Pac. 749, we said:

"The main contention of appellants is that the mandamus proceeding in this case was a proceeding to enforce an execution on the judgment of this court, and not in any sense a civil action for the recovery of money; that the judgment of this court, having been a judgment for costs against the state, it cannot be recovered against the city; and that this court has power and jurisdiction at all times and under all circumstances to enforce its judgments; and the case of *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796, is cited to sustain the contention. But that case, it seems to us, is not in point, for the reason that it was a direct application in this court to compel an obedience to the judgment of this court. The case of *State ex rel. Plaisie v. Cole, supra,* was a mandamus case to compel a justice of the peace to grant a change of venue, and we held there that, inasmuch as the amount in controversy in the original action was less than $200, this court would not take jurisdiction of the appeal under the constitutional provision above referred to, and the case of *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, was overruled. In that case it was held that, where a mandamus was sought for the purpose of compelling the proper city officers to issue a warrant for the payment of an officer's salary, the amount involved being less than $200, this court would take jurisdiction of an appeal in the case on the ground that mandamus is not a civil action at law for the recovery of money, within the meaning of the constitutional provision limiting the jurisdiction of this court. The court then returned to the announcement made in its former decisions, viz., *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352, and *State ex rel. Wallace v. Superior Court,* 24 Wash. 605, 64 Pac. 778, where the doctrine was announced that the constitutional limitation applied to cases that were brought in the form of mandamus the same as any other civil action."

See, also, *Smith v. Baughman,* 192 Wash. 51, 72 P. (2d)

295, in which we held that an appeal from a judgment in mandamus proceedings requiring the issuance of a salary warrant in the sum of $166.60 will be dismissed for want of the jurisdictional amount in controversy, fixed at two hundred dollars, by constitution, Art. IV, § 4.

The trial court did not hold, nor do the parties contend, that Rem. Rev. Stat. (Sup.), § 4200-5a, is unconstitutional. There is no challenge to the validity of the statute involved. The only question presented is whether the statute (Rem. Rev. Stat. (Sup.), § 4200-5a) is applicable or relevant to the facts presented to the trial court. We have no jurisdiction over controversies of this character in which the amount involved is less than two hundred dollars.

The appeal is dismissed.

SIMPSON, C. J., STEINERT, and JEFFERS, JJ., concur.

GRADY, J. (dissenting)—I am not in accord with the view that the validity of Rem. Rev. Stat. (Sup.), § 4200-5a, is not involved in this case, but only the application of the statute to the facts presented.

By the terms of the statute, the respondent is not entitled to be paid any sum in excess of $166.66 a month for his services as deputy sheriff. When he brought suit to recover a greater sum, using mandamus as his method, he necessarily challenged the validity of the statute, because he was obliged to, and did, assert that it prevented the county from carrying on governmental functions the performance of which is imposed upon it by the constitution.

The application for the writ of mandamus pleads the existence of an emergency. The facts alleged, however, show that the performance of the governmental function of preserving the peace and the safety of the public is prevented by the operation of the statute, and this constitutes an attack upon its validity. A constitutional question is raised, and it is whether the legislature has the power to fix the amount of salary to be paid public officers whose services are necessary in the performance of those governmental

functions which the constitution requires a county to perform. I am, therefore, of the opinion that this court has jurisdiction to review the judgment of the lower court.

December 22, 1944. Petition for rehearing denied.