## No. 982.

F. P. STUBBS vs. J. E. McGUIRE, SHERIFF, ETC.

| 32 | 817 |
|-----|-----|
| 107 | 99 |

| 32 | 817 |
|-----|-----|
| 108 | 690 |

This Court has no jurisdiction of a case in which the constitutionality or legality of a tax of $50, is not in question, but only the legality of the *mode of payment* of said tax.

APPEAL from the Third Ward Magistrate's Court, parish of Ouachita. *Trousdale*, J.

---

Stubbs & Stillman for Plaintiff and Appellee :

First—The present license law repeals all parts of former license laws which provide for the seizure and sale of property to enforce payment of licenses.

Second—There is no law now in force which authorizes such seizure and sale.

Third—If there is such a law, article 210 of the Constitution prohibits such seizure and sale until the expiration of the year 1880.

Fourth—Warrants for the salaries of constitutional officers are receivable for licenses for the year in which the salaries are earned.

F. G. Hudson, District Attorney, for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant, who is sheriff of the parish of Ouachita, and *ex officio* tax-collector for the State and parish, having given plaintiff, who is a licensed and practicing attorney, residing in said parish, a notice requiring him to pay him fifty dollars in lawful money

for his license for the year 1880, due the State for the practice of his profession, the plaintiff tendered him in payment a warrant for fifty dollars, duly issued to a constitutional officer for part of his salary for the same year, contending that under act 48 of 1877. such warrant is so receivable. The sheriff declined to settle in that mode; considering that it is made by law his duty to receive nothing but lawful money in satisfaction of such claim.

Complaining that the sheriff and *ex officio* State and parish tax-collector threatens and is about to resort to summary means of coercion, which would illegally interfere with and prevent the further conduct of his business, the plaintiff obtained, on showing, from a justice of the peace in the city of Monroe a preliminary injunction against the sheriff and tax-collector. After issue joined and trial, judgment was rendered perpetuating the injunction and condemning the defendant to receive said warrant in payment of said license.

From the judgment so rendered the defendant has appealed.

The question which presents itself, at the threshold of this litigation, in this Court, is one of jurisdiction.

The Constitution of 1879, article 81, extends the jurisdiction of this Court, among other instances, " to all cases in which the *constitutionality or legality of a tax* shall be in contestation, whatever may be the amount thereof." * * * *

The constitutionality or the legality of the *license* in the case before us, if it be a *tax*, is not *at all* contested. On the contrary, the plaintiff in injunction avers that he has offered *to pay* the license.

We have read attentively the able and interesting brief of the District Attorney on this subject of jurisdiction, but, while we give full credit to the ingenuity which it displays, we cannot concur in its conclusions, so as to construe the constitutional article to mean, unqualifiedly, that our jurisdiction extends to " all cases in which the constitutionality of any tax-law, or impost-law, whatever, is in contestation, and to all cases in which the legality of any tax, toll, or impost, *as demanded of the tax-payer, is in contestation*, whatever may be the amount thereof."

It is true that there is a difference between the article under consideration and that which existed on the same subject matter in the former Constitution. That difference consists in the enlargement of the powers of revision of this Court of a judgment in a case in which the constitutionality or legality of a tax is involved, by permitting the Court to consider both the *law and the facts* of the case. The change may have been made to cover the ruling in 27 A. 722, in which the Court held that the Court would not pass upon the facts in a case in which the validity of a tax was agitated. Be that so ; but, from this circumstance, it cannot be inferred that the jurisdiction of this Court was ex-

tended beyond the power to pass upon the legality or constitutionality of the *tax* in contestation. It merely authorizes the Court to consider whether, under the law and the facts, the tax is or not constitutional or legal. We must, without further light, treat the ruling in 21 A. 751 as made in a case within the ordinary appellate jurisdiction of the Court, in point of amount and otherwise.

The difficulty which arises is as to the *mode* in which license *may* or *must* be paid.

We are at a loss to see how, even if we had jurisdiction over the case, a decision merely on the *mode* of payment could assist in determining the constitutionality or legality of the license, in a case in which such constitutionality or legality does not occur, but, on the contrary, is admitted. We consider that we have no jurisdiction over the case.

It is therefore ordered that the appeal herein be dismissed, and the case stricken from the docket of this Court.