## No. 1303.

BUSH & LEVERT VS. FELIX BÉRARD, PRESIDENT, AND MEMBERS OF POLICE JURY OF ST. MARTIN ET ALS.

| 39 | 899 |
|---|---|
| 45 | 723 |
| 39 | 899 |
| 52 | 833 |
| 39 | 899 |
| 108 | 688 |
| 39 | 899 |
| 125 | 686 |

A contestation as to the constitutionality or legality of a tax does not arise in a proceeding directed solely against the assessing officers of the State and attacking only the assessment of property.

In such cases, this Court only has jurisdiction when the amount in dispute exceeds $2000; and the amount in dispute is the difference between the taxes due on the assessment assailed and those which would be due under the reduction asked.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

*Breaux & Renoudet* for Plaintiffs and Appellants.

*Felix Voorhies* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The assessor of the parish of St. Martin assessed the property of plaintiffs, situated in said parish, at certain valuations, in which plaintiffs, though dissatisfied, acquiesced. Subsequently, the police jury, acting as a board of reviewers under authority of sections 23 and 24 of act 98 of 1886, revised the assessment rolls, and made certain increases in the valuation of plaintiffs' property.

The object of the present action is to correct and reduce these assessments.

The petition is lengthy, and not only assails the assessments as excessive, but attacks the legality of the proceedings of the assessor and of the police jury, and asserts the unconstitutionality of the whole system of assessment adopted by the legislation of the State.

We must look, however, to the prayer of the petition in order to determine the true object and nature of the action, and, though long, we here transcribe it in full. They pray : " That, after legal proceedings had, it be decreed that said assessment is excessive, extravagant, un-uniform, inequitable, incorrect and far beyond the cash value of the property mentioned; that same be reduced to the real cash value of the property, and that the assessment be made to conform; that it be decided that said board of reviewers has no legal existence and the said police jury no authority in the premises, and that they have acted illegally in every respect; that the increase made on the appraisement of said assessor be declared null and void; that said assessor be direct-ed-and ordered to assess said property at its cash value, and that the judgment of the court shall be his appraisement; and lastly, they pray for such orders and decrees as law, justice and equity demand."

It is obvious that nothing in this demand involves " the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation."

So far as the relief sought is concerned, it touches nothing but the assessment of the property, and asks only a reduction thereof to a proper valuation.

In such cases, we have determined by repeated decisions that our jurisdiction is measured by the pecuniary "amount in dispute," and that this amount is the difference between the taxes payable on the assessment complained of and those which would be due on the reduction claimed. Minor vs. Budd, 38 Ann. 99 ; Favrot vs. City, Id. 230; Adler vs. Board, 37 Ann. 507 ; State ex rel. David vs. Judges, Id. 898 ; Cobb vs. Maguire, 36 Ann. 801; State ex rel. Rivet vs. Judge, Id. 286 ; Block vs. Assessor, 35 Ann. 965 ; New Orleans vs. Blanks (N. R.), 35 Ann. 1201 ; Gillis vs. Clayton, 33 Ann. 286 ; Stubbs vs. Maguire, 32 Ann. 817 ; State ex rel. Newman vs. Hayles, Id. 1135 ; State ex rel. Crean vs. Bouny, Id. 1191.

It is difficult to conceive how a contestation as to the " constitutionality or legality of a tax " could arise in a suit directed solely against the assessing officers of the State.

In one case, we said : " There never was an issue between the State or parish and the relator as to the legality or illegality of the tax, and it is only in such cases that an appeal lies to this court, regardless of amount. It may be that the assessment was illegal, and that consequently the adjudication and the sale attacked are nullities, but that does not justify the conclusion that the tax is illegal or unconstitutional.

A tax is deemed illegal or unconstitutional only when there is no law authorizing it, or where, there being such a law, that law is unconstitutional and so, void.

An erroneous assessment does not make the tax illegal. A tax may be legal and constitutional though the assessment be defective. State ex rel. David vs. Judges, 37 Ann. 898.

The foregoing disposes of the case.

It appears from the record, that the total taxes due by plaintiffs on the assessment as fixed by the board of reviewers are $3180 52, and if the assessment was reduced to the lowest cash value admitted by plaintiffs in their petition, the difference in the taxes due would fall far short of two thousand dollars.

It is, therefore, ordered that this appeal be dismissed at appellants' cost.