[No. 3760. Decided October 8, 1900.]

THE STATE OF WASHINGTON *on the Relation of T. H. Cann* v. WILLIAM HICKMAN MOORE, *Judge of the Superior Court of King County.*

MANDAMUS—TO CHAIRMAN OF POLITICAL CONVENTION—COMPELL-ING CERTIFICATE OF NOMINATIONS.

It being the duty of the presiding officer of a political con-vention to certify to the secretary of state or the clerk of the board of county commissioners the nominations for office made by such convention, under Bal. Code, §§ 1349, 1350, the superior ·court has jurisdiction to compel such presiding officer by writ of mandate to certify the name of the person selected for office by such convention.

PROHIBITION, WRIT OF—WHEN LIES.

The fact that a petition for a writ of mandate does not state facts sufficient to entitle the relator to relief is not ground for restraining the superior court by writ of prohibition from ·proceeding to try the cause, when it has jurisdiction of the sub-

ject matter and the error complained of is capable of correction on appeal or by certiorari.

SAME.

The writ of prohibition is never issued unless the inferior court is about to exceed its jurisdiction.

*Original Application for Prohibition.*

*S. M. Shipley, John F. Dore* and *John E. Humphries,* for relator.

*Tucker & Hyland* and *Hastings & Stedman,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is a proceeding for a peremptory writ of prohibition, on the return of an alternative writ, to prohibit the Honorable William Hickman Moore, judge of the superior court of the state of Washington for King county, from taking any further proceedings in a certain cause pending in said superior court, before him as judge thereof, wherein one C. G. Austin is relator and Samuel H. Piles and A. Muchmore are respondents, and in which the relator herein, T. H. Cann, as appears from the return to the said alternative writ, appeared by his attorneys, who are the attorneys in this proceeding on his behalf. The petition of C. G. Austin in the court below was for a peremptory writ of mandamus against Samuel H. Piles as presiding officer and A. Muchmore as secretary of the republican convention of King county, Washington, commanding them to make and sign a certificate certifying that the petitioner, C. G. Austin, together with one R. R. George, was nominated by the said republican convention for the office of justice of the peace, Seattle precinct, King county, Washington. The petition, in substance, alleges that the petitioner was

"On the second and third days of August, 1900, and ever since has been, a citizen, elector, and resident of the city of Seattle, county of King and state of Washington; that on said second and third days of August, 1900, there was held in the city of Seattle and the county of King a convention of the republicans of said county, duly called, for the purpose of nominating a county ticket to be voted upon by the electors at the approaching election on November 6, 1900, and among such offices for which candidates were to be nominated were two candidates for justice of the peace for Seattle precinct, King county, Washington; that one hundred and twenty-seven (127) votes constituted a majority of the votes of said convention, which was composed of 252 delegates and of the delegates entitled to vote upon said nominations and voting upon the same; that there were four persons nominated before said convention to be voted upon for selection as candidates of said convention for said office of justice of the peace, to-wit, R. R. George, C. G. Austin, T. H. Cann and T. C. Calhoun, all of whose names were presented to said convention as candidates for said nomination; that upon the first ballot had upon said nominations the said R. R. George received a vote in excess of one hundred and twenty-seven (127) votes and was duly declared the nominee of said convention for the office of one of said justices of the peace, and the said C. G. Austin received a vote in excess of one hundred and twenty-seven (127), to-wit, one hundred and thirty-one and two-thirds (131 2-3) votes; that the said R. R. George was after said ballot duly declared by the chairman of said convention, to-wit, Samuel H. Piles, one of the respondents herein, nominated by said convention as one of the nominees thereof for the said office of justice of the peace, but the said Samuel H. Piles, through a mistake and misapprehension as to the number of votes received by the said C. G. Austin, your petitioner, announced that no one of the other three candidates had a majority of the votes and that, therefore, there was no nomination as to said candidates, and thereupon, without giving any opportunity to your petitioner to remonstrate, ordered a new ballot to be taken upon all of said candidates

with the exception of said R. R. George; that in making the announcement upon said ballot the said Samuel H. Piles wholly failed and neglected to consult the official tally sheets kept by the secretary and assistant secretary of said convention, but relied solely for the results of said vote upon the figures and footings of one Eugene Dittenhoeffer, who was not a member of said convention, and in no wise connected therewith, either as an officer or delegate, but who was a partisan and earnest advocate of the said T. H. Cann, one of the candidates of said nomination; that the official tally sheet showed at said time, and now shows, and such was the fact, that on the said first ballot your petitioner, C. G. Austin, received, as aforesaid, one hundred and thirty-one and two-thirds (131 2-3) votes, it requiring, as aforesaid, only one hundred and twenty-seven (127) to secure the nomination of said convention; that upon the subsequent ballot, as ordered by the said Samuel H. Piles as hereinbefore stated, said T. H. Cann received one hundred and twenty-five (125) votes, whereas it required one hundred and twenty-seven (127) votes to entitle the candidate to the nomination by said convention; but the said Samuel H. Piles, wholly disregarding the fact that said T. H. Cann had not received a sufficient number of votes to entitle him to said nomination, wrongfully declared and announced that said T. H. Cann had received a majority of the votes cast for said candidates and declared him, the said T. H. Cann, as the other nominee for said office, whereas, in truth and in fact, the only persons who at any time had received a majority of the votes cast for the nominees for said office were the said R. R. George and the said C. G. Austin, your petitioner; that the secretary of said convention, to-wit, the respondent, A. Muchmore, is ready and willing to join with the said Samuel H. Piles in executing under the law a certificate of the nomination of your petitioner, but your petitioner alleges that he has made demand upon said Samuel H. Piles that he sign a certificate of said nomination of your petitioner, but the said Samuel H. Piles refused to comply with said demand of your petitioner; the said Samuel H. Piles, who was chairman of said con-

vention as aforesaid, threatens to execute and deliver a certificate of nomination in favor of the said T. H. Cann, who, as aforesaid, your relator asserts never received a majority of the votes of the delegates of said convention."

To this petition Samuel H. Piles and the relator in these proceedings, T. H. Cann, demurred, on the grounds that the appellant's petition did not state facts sufficient to constitute a cause of action or to entitle the relator to the relief prayed for, and that the court had not jurisdiction of the person of the defendant or the subject matter of the action. The court below overruled this demurrer and set the cause for trial on its merits, when these proceedings for a writ of prohibition were instituted in this court.

The law of this state, so far as it is necessary to cite it in this opinion, is found in §§ 1349 and 1350, Bal. Code, which read as follows:

"Any convention, primary meeting or primary election as hereinafter defined, held for the purpose of making nominations for public office, and also electors to the number hereinafter specified, may nominate candidates for public office, to be filled by election within the state. A convention, or primary meeting, within the meaning of this chapter, is an organized assemblage of electors or delegates, representing a political party or principle, and a primary election is a legally conducted election for the nomination of candidates for public office.

"All nominations made by such convention, primary meeting, or primary election shall be certified as follows: The certificate of nomination, which shall be in writing, shall contain the name of each person nominated, his residence, his business, his address and the office for which he is named, and shall designate, in not more than five words, the party or principle which such convention, primary meeting or primary election represents, and it shall be signed by the presiding officer and secretary of such convention or primary meeting, or, in case of a primary election, by one of the judges and the clerk thereof, who

shall add to their signatures their respective place of residence, their business, and addresses.   Such certificate, made out as herein required, shall be delivered by the secretary or president of such convention or primary meeting, clerk or judge of the primary election, to the secretary of state, or the clerk of the board of county commissioners, as hereinafter required."

We think the court below had jurisdiction of the subject matter and of the person of the presiding officer of the convention, and by its mandate it could compel the presiding officer and secretary to certify the names of persons selected for office by such convention, as provided for in the statutes cited.   In overruling the demurrer on this proposition the court's judgment is correct.

It is said, however, that the affidavit and petition of C. G. Austin does not state facts sufficient to entitle him to the relief prayed for.   But this is error that can be remedied only by appeal, or by certiorari, if there is not a plain, speedy and adequate remedy at law by appeal.

"A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction.   It cannot be made to serve the purpose of a writ of error or *certiorari,* to correct mistakes of that court in deciding any question of law or fact within its jurisdiction." *Smith v. Whitney,* 116 U. S. 167, 176.

For the reason, therefore, that the court below has jurisdiction of the subject matter, and that the error complained of can be corrected only on appeal or by *certiorari* as hereinbefore indicated, these proceedings should be dismissed and the peremptory writ of prohibition denied, and it is so ordered.

·   FULLERTON and REAVIS, JJ., concur.

DUNBAR, C. J. (dissenting)—I dissent.   I think the petition shows on its face that the court has no power to investigate the question raised.   That being true, it ought not to assume jurisdiction for any purpose.

ANDERS, J. (dissenting)—Under our statute, it is plain that the courts of this state may, by writ of mandate, compel the chairman and the secretary of a political convention to certify the names of the nominees of such convention and file the certificate with the officer designated by law; but I am unable to concede that they have the power, after the convention has, by its presiding officer, and without protest, proclaimed its nominees and adjourned, to entertain a proceeding in the nature of a contest between rival candidates, with a view to determine which one in fact received a sufficient number of votes to entitle him to a nomination. Political conventions are mere voluntary associations of individuals for a particular purpose, and, when not controlled by statute, are governed solely by their own rules and regulations. When the chairman announces the name of the nominee for a public office, and the convention acquiesces in such announcement and thereafter adjourns, it seems clear to my mind that the person whose name is so announced is thenceforth, to all intents and purposes, the regular nominee of the convention, and is entitled to the certificate of nomination. To say that the court may review the proceedings of the convention and correct its mistakes as to the number of votes cast for a particular candidate, is equivalent to saying that the court may exercise the functions of the convention and make nominations for public offices. I think the learned superior court, in the mandamus proceeding, acted in excess of its jurisdiction, and I am therefore of the opinion that the relator is entitled to the writ of prohibition. Bal. Code, § 5769.