[No. 4374.    Decided October 1, 1902.]

THE STATE OF WASHINGTON *on the Relation of Howard E. Foster* v. SUPERIOR COURT OF KING COUNTY.

PROHIBITION, WRIT OF — ERRONEOUS EXERCISE OF JURISDICTION.
Prohibition will not lie to restrain the superior court from passing upon questions raised by demurrer, when it has jurisdiction, even if such jurisdiction is erroneously exercised; and the fact that no remedy is afforded by appeal or certiorari for the review of such erroneous action would not alter the rule.

*Original Application for Prohibition.*

*George B. Cole,* for relator.

*Allen, Allen & Stratton,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Petition for writ of prohibition against the superior court of King county. The relator filed a complaint in the court below, praying for a money judgment against one H. F. McClure in the sum of $116.80. Thereafter the said McClure filed an answer in said cause, which answer denied many of the allegations of the complaint, and also pleaded a counterclaim, and prayed for judgment against the plaintiff for $198.90. To this answer the relator filed a motion to strike parts thereof. This motion being denied, the relator filed a general demurrer, which was also denied by the court. Relator now seeks to prohibit the lower court from considering the allegations of the said answer.

It will be readily seen that this is an effort to review by prohibition an alleged error of the lower court in overruling the demurrer. The court below certainly had jurisdiction to pass upon the questions raised by the demurrer, and its ruling, even if error, cannot be reviewed here upon petition for prohibition, because "it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction." *State ex rel. Lewis v. Hogg,* 22 Wash. 646 (62 Pac. 143); *State ex rel. Vincent v. Benson,* 21 Wash. 571 (58 Pac. 1066); *State ex rel. Light Co. v. Superior Court,* 20 Wash. 502 (55 Pac. 933); *State ex rel. Cann v. Moore,* 23 Wash. 115 (62 Pac. 441); *State ex rel. White v. Board of State Land Comrs.,* 23 Wash. 700 (63 Pac. 532).

It is argued, however, that because the amount involved is less than $200, and there is no remedy by appeal or certiorari, therefore the writ of prohibition will be issued. This position is necessarily in conflict with the rule, announced in the authorities cited above, that prohibition will

not go to prevent an erroneous exercise of jurisdiction. The office of prohibition is to prevent the lower court from assuming to exercise jurisdiction where it has none, or is acting in excess thereof. In such a case, where there is no appeal or other means of review, the writ will issue, but where, as in this case, the court is acting within its jurisdiction, and there is no appeal, prohibition will not lie to review an alleged error.

The writ will therefore be denied.

REAVIS, C. J., and FULLERTON, HADLEY, ANDERS and WHITE, JJ., concur.

DUNBAR, J. (concurring). I concur in the result for the further reason that it makes no difference, as has often been decided by this court, whether the court was acting with or without jurisdiction of the subject matter, if the question does not involve the legal existence of the court and denies all jurisdiction and not the particular jurisdiction complained of. This is what was decided in *State ex rel. Light Co. v. Superior Court*, supra, and *State ex rel. Vincent v. Benson*, supra, and *State ex rel. McIntyre v. Superior Court*, 21 Wash. 108 (57 Pac. 352).