[No. 5087.    Decided April 21, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Daniel Fisher et al., Plaintiff,* v. H. L. KENNAN, *Judge of the Superior Court of Spokane County, Defendant.*[1]

PROHIBITION — AGAINST ENFORCEMENT OF INJUNCTION — EQUITY JURISDICTION. Prohibition will not lie against the threatened enforcement of a temporary injunction issued in a suit brought against a corporation, enjoining the relators from acting as stockholders in a corporation, during the pendency of the action, where the relators intervened in that suit, moved to dissolve the injunction, and appealed from the decision; since a court of equity manifestly has jurisdiction of the subject-matter of the action, and the court acquired jurisdiction of the persons of the relators, and prohibition will not lie to prevent an erroneous exercise of conceded jurisdiction.

Application filed in the supreme court March 21, 1904, for a writ of prohibition to prevent the threatened enforcement of an injunction by the superior court of Spokane county, Kennan, J. Writ denied.

*A. H. Kenyon* and *W. C. Jones,* for relators.

*H. S. Stoolfire* and *John C. Kleber,* for defendant.

[1]Reported in 76 Pac. 516.

PER CURIAM.—The Lucile Dreyfus Mining Company is a corporation organized under the laws of this state with a capital stock of fifty thousand dollars, divided into one million shares, of the par value of five cents each. It owns valuable mining property located in this state. For a considerable period preceding June 5, 1903, one Howard J. Kressly was the duly elected secretary of the corporation, and by virtue of his office had possession of its records. Kressly, while acting as such secretary, issued, over the seal of the company, something over one million shares of spurious and fraudulent stock, which he placed upon the market and sold to various persons. Differences afterwards arose among the holders of the stock as to who were actual stockholders of the corporation, when, to have the matter determined, an action was begun in the superior court of Spokane county, in which the mining company was plaintiff, and all of the holders of its stock, whether genuine or bogus, were made defendants.

While this action was pending, a stockholders' meeting was called by certain persons claiming to hold genuine stock, whereupon one Willard, who had been excluded from participating in the meeting, brought an action against such persons, seeking an injunction preventing them from acting as stockholders of the company, or doing any business as such, until the rights of the several parties claiming to be stockholders could be determined. This action was nominally against the corporation alone, but in it the court issued a temporary injunction against the several persons purporting to act as stockholders, as prayed for in the complaint. Afterwards the enjoined stockholders intervened in that suit, by leave of court, and moved to dissolve the injunction. This motion was denied, and they appealed to this court. Pending that appeal, the same persons apply here for a writ of prohibition, setting out the fact that the

court intends to enforce its writ of injunction pending the appeal, and will punish them for contempt, if they violate its order; setting out, further, the fact that there is no board of trustees or persons authorized to take charge of the business of the company; that its property is being wasted and destroyed; that numerous suits are being brought against it; and that no persons are authorized to represent the company in defense of such suits; and they pray that this court will issue a writ of prohibition against the court, preventing him from enforcing the injunctive order.

Counsel for the applicants argue that the order was made without jurisdiction, either of the subject-matter of the action, or of the parties who are enjoined thereby, and, for that reason, is of no effect and void, and is a proper subject for the issuance of the writ. But, without entering into an extended discussion of the question, we are of the opinion that counsel's position is untenable. Manifestly, the court had jurisdiction of the subject-matter of the action; to enjoin certain of the stockholders of a corporation from proceeding illegally and wrongfully, at the suit of other stockholders injured thereby, is among the acknowledged powers of a court of equity. Nor do we think the question of lack of proper parties a material one now. It will be remembered that, since the writ issued, the stockholders enjoined intervened in the action, and thereby became parties to the same; even to the extent of appealing to this court from the order. Clearly, it is now too late for them to claim that the order was made without jurisdiction of their persons. But if the fact were otherwise, the result would be the same. As the court had jurisdiction of the subject-matter, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. *State ex rel. Foster v. Superior Court,* 30 Wash. 156, 70 Pac. 230, 73 Pac. 690.

The application is denied.