[No. 5834. Decided December 21, 1905.]

THE STATE OF WASHINGTON, *on the Relation of Marguerite Goupille, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

PROHIBITION—WHEN LIES—QUASHING GARNISHMENT—REMEDY BY APPEAL. Prohibition does not lie to prevent the superior court from quashing a writ of garnishment, inasmuch as there is a remedy by appeal staying all proceedings pending the appeal.

Application filed in the supreme court September 19, 1905, for a writ of prohibition, to the superior court for King county, Tallman, J., to prevent the discharge of a writ of garnishment. Denied.

*Vince H. Faben,* for relator.

*Gill, Hoyt & Frye,* for defendant.

FULLERTON, J.—On September 14, 1905, in a cause pending in the superior court of King county, in which Marguerite Goupille was plaintiff, and one Frank Chaput was defendant, the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $7,305.75. Immediately upon the return being made, the plaintiff moved for, and obtained, a judgment against the defendant for the sum found to be due by the jury. Thereafter and on the same day, the plaintiff caused a writ of garnishment to issue on the judgment, against the Seattle Safe Deposit Vaults, Inc.,

1Reported in 83 Pac. 14.

requiring it to answer concerning such property subject to execution as it might have in its possession belonging to the defendant, which writ was served on the company on the same day by the sheriff.

On September 15, 1905, and within the time limited by statute in which motions for new trials can be filed, the defendant moved for a new trial in the cause in which the judgment against him was obtained, and at the same time moved that the court recall and cancel the writ of garnishment sued out upon the judgment, on the ground that the motion for a new trial suspended all proceedings upon the judgment, in garnishment or otherwise, until it should finally be disposed of. The trial judge took the view of the law contended for by the defendant, and announced his intention of recalling the writ of garnishment, whereupon the plaintiff applied to this court for a writ to prohibit him from so doing. An alternative writ of prohibition was issued on the application being made, and the question before us now is shall the writ be quashed or made permanent.

We think the alternative writ was improvidently issued, and must be quashed. Our statute provides that the writ of prohibition is the counterpart of a writ of mandate, and that it may be issued only in cases where there is not a plain, speedy and adequate remedy at law. In this case there is a plain, speedy and adequate remedy at law. If the relator feels aggrieved at the order of the court discharging the writ of garnishment, he can appeal therefrom, and can preserve the fruits of his garnishment pending the appeal by giving a bond superseding the order of discharge. *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 912.

The writ is discharged.

MOUNT, C. J., HADLEY, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.