[No. 7665. Decided September 2, 1909.]

JOHN PRENTICE, *Respondent*, v. FRANKLIN COUNTY *et al.*,
*Appellants.*[1]

APPEAL—REVIEW—DISMISSAL—CESSATION OF CONTROVERSY. Where
a judgment against a county has, by order of the county commis-
sioners, been paid and satisfied, an appeal on behalf of the county
will be dismissed, as the controversy has ceased.

COUNTIES—AUTHORITY OF COMMISSIONERS—CONTROL OF LITIGATION
—PROSECUTING ATTORNEYS. Under Bal. Code, § 342, subd. 6, giving
the county commissioners power to prosecute and defend all actions,
the commissioners have power to direct the dismissal of an appeal
from a judgment against the county, taken by the prosecuting at-
torney.

Appeal from a judgment of the superior court for Frank-
lin county, Zent, J., entered June 15, 1908, denying a mo-
tion to vacate a judgment entered on stipulation, after a
hearing before the court. Appeal dismissed.

*W. D. Schutt, A. C. Routhe,* and *John L. Sharpstein,* for
appellants.

*Henry J. Snively,* for respondent.

CROW, J.—In June, 1902, a general delinquent tax fore-
closure judgment was entered in the superior court in and
for Franklin county, under which that county acquired tax
titles to a large number of town lots and other tracts of
land. On October 13, 1906, this action was commenced by
John Prentice, as plaintiff, against Franklin county, and
C. S. O'Brien, its treasurer, as defendants, to vacate the tax
foreclosure and judgment, to set aside the sales made to
Franklin county thereunder, and to enjoin the county treas-
urer from selling a number of the lots and tracts of land to
which the plaintiff claimed title. On January 14, 1907, a
written stipulation was filed, reading as follows:

"It is hereby stipulated that the judgment and decree of
foreclosure in the complaint in this case described, be set

[1]Reported in 103 Pac. 831.

aside, and the sales of the property made under said judgment and decree of foreclosure be set aside, and that the plaintiff pay to the Treasurer of Franklin County in full of all taxes interest and penalties upon said property to date, the sum of Two Thousand dollars apportioned equally to the years where taxes have accrued and are assessed against said property and unpaid at this time, said decree shall be entered by the Judge of the Superior Court of Franklin County at North Yakima upon and under this Stipulation, and it is agreed that this matter shall come up before Hon. H. B. Rigg, Judge of the Superior Court of Franklin County, Wash. upon this stipulation for the entry of a decree and judgment upon this stipulation at North Yakima, Washington, at the chambers of said Judge on the 19th day of January, 1907, at the hour of ten o'clock A. M. or as soon thereafter as counsel can be heard.

"This stipulation only applies to the lots which have not been sold by the County, and which have been acquired by the County in virtue of said foreclosure proceedings.

"The lots sold by the county acquired under said proceedings are excluded from this stipulation, and are to be in no wise affected thereby, but are by this stipulation to be withdrawn from said suit, and to be considered as never having been included therein.

"The decree herein provided for, shall be entered within three days after it is signed by the Judge rendering it, and the said money shall be paid within 20 days after the decree has been filed with the Clerk of this Court.

"The County shall make a quitclaim deed also to the plaintiff within the twenty days aforesaid to be delivered to the plaintiff upon his demand, after payment or at the time of the payment of said money.

"Neither party shall recover costs.

"This done by way of settlement of said pending suit, and is done by authority and direction of the board of County Commissioners, and In Witness whereof said Commissioners and all other parties hereto have affixed their names.

"Dated this 14th day of January, 1907.

"Henry J. Snively,                          E. T. Juvenal
    "Attorney for Plaintiff.                 W. T. Johnson
"John Prentice, Plaintiff.                   A. W. Kane
                    County Commissioners, Franklin County.
"W. D. Schutt, Prosecuting Attorney of Franklin County."

On January 18, 1907, an attempt was made by the board of county commissioners to revoke the stipulation, and on February 4, 1907, their attorneys served and filed a written motion herein asking that it be withdrawn from the files, vacated, set aside, and cancelled, claiming that it had been obtained by mistake and fraudulently. This motion being resisted by the plaintiff, was, by order of the court, set for hearing, upon oral and documentary evidence, but not upon affidavits. On such hearing subsequently had, the trial court found that no mistake of law or fact had entered into the execution of the stipulation, and denied the motion to vacate. On June 13, 1908, final judgment was entered on the stipulation in accordance with its terms, and from that judgment this appeal is prosecuted.

The respondent, assigning several grounds therefor, has moved to dismiss the appeal, but we will only consider his contentions that the appeal has been taken without any order of the board of commissioners, that they have directed its dismissal, and that the controversy has ceased. In support of these contentions the respondent has filed in this court, under the certificate of the county auditor, a transcript of certain proceedings had by the board of county commissioners on July 8, 1908, at their regular session, from which it appears that the litigation, the stipulation, the judgment of the trial court, and this appeal were then considered, and that the board made findings and orders relative thereto, which in part read as follows:

"We find further that it is not advisable nor expedient nor to the best interests of said county to incur further expense on account of said case in taking and perfecting and prosecuting an appeal from the order entered by the Superior Court of this County, and that no appeal to the Supreme Court should be prosecuted.

"It is therefore ordered by this board that a deed be executed, acknowledged and attested by this board under and in accordance with the provisions of the decree of the Su-

perior Court, entered June 13th, 1908, conveying and quit-claiming the property in question, and the County Auditor is hereby directed to enter and record said deed;

"It is further ordered that any appeal or other proceedings instituted looking to a review of the order above mentioned be dismissed and discontinued, and the prosecuting attorney of this county is hereby directed to dismiss and discontinue of record any and all proceedings now commenced for the purpose of having said case reviewed or said decree set aside by the Supreme Court."

The auditor's certificate further shows, that a deed for the lots and tracts of land has been executed by Franklin county and delivered to the respondent John Prentice, in satisfaction of the judgment and decree of the superior court, and that he has paid to the county treasurer the sum of $2,000, in full settlement of the delinquent taxes. These facts are not disputed, nor does it appear that the appeal was authorized, or ordered by the board of county commissioners. The controversy having ceased, and the judgment having been satisfied, there is nothing before this court for consideration. The board of county commissioners are entitled to direct a dismissal of the appeal, if they determine such procedure to be for the best interests of Franklin county. Subd. 6 of, § 342, Bal. Code, § 342 (P. C. § 4098), confers upon boards of county commissioners the following authority:

"(6) To have the care of the county property and the management of the county funds and business, and in the name of the county to prosecute and defend all actions for and against the county, and such other powers as are or may be conferred by law."

The interests of the defendants in this litigation, prosecuted against Franklin county as the real party in interest, are subject to the orders and control of the board of county commissioners. Although the prosecuting attorney is the legal adviser of the county he is not authorized to prosecute this appeal in opposition to the orders of the board of county

commissioners. *Spokane County v. Bracht*, 23 Wash. 102, 62 Pac. 446.

The appeal is dismissed.

RUDKIN, C. J., CHADWICK, MOUNT, DUNBAR, and GOSE, JJ., concur.

FULLERTON, J., took no part.