[No. 12742.  Department Two.  June 16, 1915.]

THE STATE OF WASHINGTON, *on the Relation of John Prentice
et al., Plaintiff,* v. THE SUPERIOR COURT FOR FRANKLIN
COUNTY *et al., Respondents.*[1]

PROHIBITION—TO COURTS — GROUNDS — JURISDICTION.  Prohibition
does not lie to prevent the superior court from entering judgment
where it has jurisdiction of the subject-matter of the action and
there is an adequate remedy by appeal or writ of error; but only
where the court is proceeding or threatening to proceed without or
in excess of jurisdiction.

COURTS—SUPREME COURT—ORIGINAL JURISDICTION—PROHIBITION—
AMOUNT IN CONTROVERSY.  The supreme court has no jurisdiction to
control, by writ of prohibition, the superior court in an action in
which the superior court has jurisdiction of the subject-matter,
where the amount involved is less than $200, and the case does not
fall within any of the exceptions to the limitation of the jurisdiction
of the supreme court contained in Const., art. 4, § 4.

JUDGMENTS—VACATION—EQUITABLE RELIEF—LIMITATIONS.  The su-
perior court has jurisdiction, upon a proper showing, to grant relief
in equity against a judgment, after the expiration of one·year from
the date of its entry.

PROHIBITION—TO COURTS—GROUNDS—ERRONEOUS EXERCISE OF JUR-
ISDICTION.  Whether sufficient equitable grounds are stated in a
cross-complaint for equitable relief against a judgment, or are shown
by the evidence, are questions, in the first instance, within the juris-
diction of the trial court, reviewable only by appeal; hence prohibi-
tion does not lie to prevent such action as being beyond the juris-
diction of the court.

JUDGMENTS—RES JUDICATA—DISMISSAL—MERITS.  The dismissal
of an appeal upon the ground of cessation of the controversy, with-
out passing on the merits or affirming the judgment, either in the
opinion or in the remittitur, is not an affirmance of the judgment
or an adoption of it so as to make it a judgment of the supreme
court, or *res judicata* or immune from attack or interference in the
lower court.

Application filed in the supreme court April 5, 1915, for
a writ of prohibition to the superior court for Franklin

¹Reported in 149 Pac. 321.

county, Linn, J., to prevent the vacation of a judgment. Denied.

*Driscoll & Leonard*, for relators.

*A. J. Elrod*, for respondents.

ELLIS, J.—The relator, John Prentice, as plaintiff, on October 13, 1906, commenced an action against Franklin county and its treasurer seeking to vacate and set aside certain tax foreclosure proceedings. On January 14, 1907, the parties stipulated that the tax foreclosure proceedings against the property of the plaintiff be set aside; that the plaintiff pay to Franklin county the sum of $2,000 in full of all taxes, interest and penalties upon the property to date; that the decree in the cause should be entered within three days after being signed by the judge; that the $2,000 should be paid within twenty days after the decree was filed; and that, upon such payment, or demand thereafter, the county should make a quitclaim deed of the property to the plaintiff. This stipulation was executed by both the plaintiff and his attorney, and by the county commissioners and prosecuting attorney of Franklin county. Thereafter the county commissioners attempted to revoke the stipulation and moved to withdraw it, claiming that it had been obtained by fraud and mistake. The motion was resisted, a complete hearing on evidence was had, and on June 13, 1908, a decree was entered, reading in part as follows:

"Wherefore, it is adjudged, considered and decreed, that that certain judgment and decree of foreclosure made and dated June 24, in 1902 and entered and filed in the superior court of Franklin county, state of Washington, by said court on the 28th day of June, 1902, . . . is hereby, set aside, annulled, and held for naught, . . . and it is further adjudged, considered, and decreed that plaintiff pay the sum of two thousand dollars to the treasurer of Franklin county, within twenty days after the filing of this decree with the clerk of this court, which when paid, will be in full of all taxes, interest and penalties upon and against said property

to date, and upon the receipt of said money, said treasurer shall forthwith enter said taxes against each piece, parcel, lot and block of said property as fully paid and satisfied to date, and the said county of Franklin through its county commissioners and proper officers shall within the said twenty days cause to be executed and to execute a quitclaim deed of said described property to said John Prentice, . . ."

The county perfected an appeal from that decree to this court, but on July 8, 1908, the county commissioners entered an order in effect abandoning the appeal and directing a discontinuance and dismissal of all proceedings looking to an appeal from or review of the decree. The plaintiff paid the $2,000 and received a receipt therefor, and subsequently the auditor of the county executed a quitclaim deed of the property to plaintiff. Upon motion of Prentice, this court dismissed the appeal on the ground that the controversy had ceased. *Prentice v. Franklin County*, 54 Wash. 587, 103 Pac. 831.

In November, 1911, the defendant, Franklin county, taxed the property involved in the former litigation in the sum of $146.70 for the year 1908. The relator, Prentice, paid these taxes under protest. Prentice having assigned to N. R. Sylvester his claim against Franklin county for reimbursement, Sylvester brought an action to recover the money so paid. The defendant Franklin county filed a cross-complaint making Prentice a party, and alleging that the judgment of June 13, 1908, should have read as of the date of the stipulation of January 14, 1907; that it was in excess of the court's authority and void; that if not void, it was entered by mistake or fraud, and should be reformed and amended so as to conform to the stipulation upon which the judgment was based. Prentice and the other plaintiffs contested the jurisdiction of the court to vacate or modify the judgment. Upon the issues framed, the trial court rendered a written decision indicating an intention to grant the prayer of the cross-complaint, on the ground that the judgment of June 13, 1908, should be modified and vacated so as to take effect as

of the date of the stipulation, January 14, 1907, instead of June 13, 1908. The plaintiffs, as relators, have applied to this court for a writ prohibiting the threatened action of the trial court. An alternative writ was issued. The question now is, shall it be made permanent?

The respondents, by way of demurrer to the application and affidavit, and for answer to the alternative writ, contend upon many grounds that the permanent writ should be denied. We find it necessary to consider only two of these grounds. They are these: (1) That the application for the writ shows upon its face that the superior court was proceeding within its jurisdiction, and having jurisdiction, its decision would be final, and if erroneous, the relators have an adequate remedy by appeal, if the original action is one involving the validity of the tax. (2) That it appears upon the face of the application that the original action was a civil action for the recovery of money not exceeding the sum of $200, and not involving the validity of a tax or assessment within the meaning of art. 4, § 4 of the state constitution; that the superior court was proceeding within its jurisdiction, and that in such a case the writ of prohibition is not available as a substitute for appeal; that this court, therefore, has no jurisdiction to issue the writ.

We find it unnecessary to decide whether the action, the judgment in which is sought to be prohibited, is a mere civil action for the recovery of money not exceeding $200, hence not appealable, or an action involving the validity of a tax, hence appealable—though it would seem to be the latter. In either event, under our decisions, prohibition will not lie where the superior court has jurisdiction of the subject-matter of the action. This court has repeatedly held that, where the superior court has jurisdiction of the subject-matter in controversy, prohibition will not lie to prevent an erroneous exercise of such jurisdiction, where there is an adequate remedy by appeal or writ of review. The writ is not issued to prevent the commission of mere error, nor to take the place

of an appeal, or perform the office of a writ of review for the correction of error. The writ will only issue to inferior courts where they are proceeding, or threatening to proceed, without, or in excess of, their jurisdiction.

"The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy. Nor will it be allowed to take the place of an appeal, or perform the offices of a writ of review. It is a preventive remedy, and as such is bounded by rigid rules, and is only issued in cases of extreme necessity. The remedy is employed only to restrain courts and inferior tribunals exercising judicial functions from acting without or in excess of their jurisdiction; and, if the court or tribunal sought to be restrained has jurisdiction of the subject-matter in controversy, a mistaken exercise of its acknowledged powers will not justify the issuance of the writ." *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143.

See, also, *State ex rel. Baldwin v. Superior Court*, 11 Wash. 111, 39 Pac. 8,18; *State ex rel. Vincent v. Benson*, 21 Wash. 571, 58 Pac. 1066; *State ex rel. Cann v. Moore*, 23 Wash. 115, 62 Pac. 441; *State ex rel. Foster v. Superior Court*, 30 Wash. 156, 70 Pac. 230, 73 Pac. 690; *State ex rel. Stetson & Post Mill Co. v. Superior Court*, 32 Wash. 498, 73 Pac. 479; *State ex rel. Twigg v. Superior Court*, 34 Wash. 643, 76 Pac. 282; *State ex rel. Goupille v. Superior Court*, 41 Wash. 128, 83 Pac. 14; High, Extraordinary Legal Remedies, § 772.

This court has also held that, when the amount involved is less than $200, and the case does not fall within any of the exceptions to the limitation of our jurisdiction to cases in excess of that amount contained in art. 4, § 4, of the constitution, the extraordinary remedies of prohibition and mandamus will not lie, either to prohibit the superior court from assuming jurisdiction when it has none, or to compel the superior court to exercise a jurisdiction which it has. This on the ground that the jurisdiction of this court in the issuance of the writs of mandamus and prohibition must be construed

as subject to the same constitutional limitation as in other cases where the amount in controversy is less than $200. From the nature of the remedies, prohibition is the counterpart of mandamus, and the same rule must therefore apply to both. *State ex rel. Fuller v. Superior Court*, 31 Wash. 96, 71 Pac. 722; *State ex rel. Cleek v. Tallman*, 38 Wash. 132, 80 Pac. 272; *State ex rel. McIntyre v. Superior Court*, 21 Wash. 108, 57 Pac. 352; *State ex rel. Wallace v. Superior Court*, 24 Wash. 605, 64 Pac. 778; *State ex rel. Plaisie v. Cole*, 40 Wash. 474, 82 Pac. 749; *State ex rel. Ide v. Coon*, 40 Wash. 682, 82 Pac. 993. In this connection, it may be remarked that the dictum found in the last paragraph of the opinion in *State ex rel. Foster v. Superior Court, supra*, to the effect that this rule applies to prohibition only where the court is acting within its jurisdiction and there is no appeal, is impliedly disapproved in the later case of *State ex rel. Fuller v. Superior Court, supra*, which follows Judge Dunbar's concurring opinion in the *Foster* case. In either view of the matter, therefore, the sole question necessary to a disposition of this application is this: Did the superior court have jurisdiction of the subject-matter of the action? If it did, the writ must be denied.

The relators' first claim is that the superior court was without jurisdiction to modify the judgment of June 13, 1908, because more than a year has expired since its rendition. However tenable this position might prove upon appeal from the order modifying the judgment, it is clear that it cannot be considered in this proceeding. It confounds error with excess of jurisdiction. The respondent, Franklin county, by its cross-complaint, sought a modification of the judgment upon equitable grounds. As said by this court, speaking through Judge Rudkin, in *Anderson v. Burgoyne*, 60 Wash. 511, 513, 111 Pac. 777:

"This court has adopted the general rule that a party may obtain relief in equity against a judgment, after the expira-

tion of a year from the date of its entry, if proper grounds for equitable interposition are shown."

See, also, *Long v. Eisenbeis*, 18 Wash. 423, 51 Pac. 1061; *State ex rel. Boyle v. Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740.

Whether its cross-complaint stated sufficient grounds, and whether its evidence established sufficient facts for that purpose, were questions addressed in the first instance to the superior court, and reviewable here only upon appeal or by writ of review. To hold otherwise, would be, in effect, to say that this court will entertain prohibition to review the action of the trial court in every case where it has refused to sustain a demurrer or to grant a nonsuit.

The relators ask what difference there is between this case and *State ex rel. Wood v. Superior Court*, 76 Wash. 27, 135 Pac. 494. The answer is that jurisdiction in that case, a will contest, was conferred by a special statute which was not observed. It is also asked what is the difference between this case and *State ex rel. Alladio v. Superior Court*, 17 Wash. 54, 48 Pac. 733; *State ex rel. Puyallup v. Superior Court*, 50 Wash. 650, 97 Pac. 778, and *State ex rel. Arthur v. Superior Court*, 58 Wash. 97, 107 Pac. 876. The answer is that, in the first of those cases, the court was proceeding without having acquired jurisdiction of either parties or subject-matter. In the second, the application was treated as invoking a review on the merits by certiorari because of the inadequacy of the remedy by appeal. This was also the mode of treatment indulged in the recent case of *State ex rel. Pacific Loan & Inv. Co. v. Superior Court*, 84 Wash. 392, 146 Pac. 834, where the application for prohibition asked for a review by certiorari in the alternative. In the *Arthur* case, the court was proceeding against a person not a party to the action.

Finally, it is contended that, by the dismissal of the appeal by this court in the first action of *Prentice v. Franklin*

*County*, 54 Wash. 587, 103 Pac. 831, this court affirmed the judgment of the superior court of June 13, 1908, which thereby became the judgment of this court, and that the trial court thereafter had no power in the premises except to carry out that judgment. This claim proceeds upon a misconception of the force of the dismissal of the appeal. That dismissal was in no just sense an affirmance of the judgment appealed from. Neither the opinion nor the remittitur contained any affirmance of that judgment, or in any manner adopted it as the judgment of this court. Neither the opinion nor the remittitur directed the entry of a judgment even for costs. By the dismissal, this court merely cleared its records of an appeal which it found had been abandoned. To illustrate the difference between a mere dismissal and an affirmance, let us suppose that this dismissal had taken place before the expiration of the statutory period in which an appeal may be taken, could it be successfully asserted that the county would have been precluded thereby from taking a new appeal at any time before the expiration of the statutory period? Assuredly not, and for the simple reason that, by the dismissal, we neither affirmed nor reversed the judgment of the lower court nor passed upon the merits, but only found that the original appeal had been abandoned.

The relators assert that the following decisions sustain their contention: *Pacific Drug Co. v. Hamilton*, 76 Wash. 524, 136 Pac. 1144; *Kath v. Brown*, 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *German-American State Bank v. Sullivan*, 50 Wash. 42, 96 Pac. 522; *State ex rel. Jefferson County v. Hatch*, 36 Wash. 164, 78 Pac. 796; *Cochran v. Van de Vanter*, 13 Wash. 323, 43 Pac. 42; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443; *State ex rel. Wolferman v. Superior Court*, 7 Wash. 234, 34 Pac. 930. An examination of these cases discloses the fact that, in every one of them, there was either an express affirmance of the judgment by this court, or an express entry of

4—86 WASH.

judgment on the merits by this court. They sustain the doctrine that, in such cases, no interference with such judgments by any proceeding in the same cause in the lower court will be tolerated, except by direction or leave of this court. Though none of these decisions presents a case of prohibition, it may be assumed that, in order to protect or preserve its own judgments, this court, in aid of its own jurisdiction, will, in a proper case, prohibit an interference with such judgments. That, however, is not the case here. The only judgment this court has ever rendered touching this case was a judgment of dismissal not touching the merits, not affirming or passing upon the correctness of the judgment of the lower court, but merely clearing our own records of an abandoned appeal. It may be that the prior judgment of the superior court is *res judicata* of the questions sought to be raised by cross-complaint in the new suit. It may be that the cross-complaint for other reasons states no cause of action. The trial court, however, has jurisdiction of the subject-matter and of the parties. Its judgment, if reviewable at all, is adequately reviewable by appeal. To grant the writ on the record here would warrant the entertainment of prohibition as a short cut for reviewing judgments of the superior court in almost any case. The temporary writ is quashed and a permanent writ denied.

MORRIS, C. J., FULLERTON, MAIN, and CROW, JJ., concur.