[No. 13111.  Department Two.  April 17, 1916.]

N. R. SYLVESTER *et al.*, *Appellants*, v. FRANKLIN COUNTY, *Respondent.*[1]

APPEAL—JURISDICTION—"VALIDITY" OF TAX.  An action does not "involve the validity of a tax," within Const., art. 4, §4, limiting the jurisdiction of the supreme court in other civil actions, where the only question involved was whether a judgment entered in a former action compromising past taxes included the tax for the year 1908; since the question at issue was not the legality of the tax as far as the power of the taxing officers was concerned, but only the effect of the judgment in the prior proceedings.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered July 20, 1915, dismissing an action to recover a tax, paid under protest, after a trial to the court.  Appeal dismissed.

*Driscoll & Leonard*, for appellants.

*A. J. Elrod*, for respondent.

PARKER, J.—The plaintiffs, Sylvester and others, seek recovery of the sum of $146.70 from the defendant, Franklin county, paid by them under protest to the treasurer of that county in November, 1911; being the amount levied by the taxing officers of that county as taxes for the year 1908, on certain lots in the town of Pasco owned by the plaintiffs, who claim that this sum was unlawfully exacted from them as taxes levied upon the lots for the year 1908.  Trial in the superior court for Franklin county resulted in judgment against the plaintiffs denying them the relief prayed for, from which judgment they have attempted to appeal to this court.

Counsel for respondent Franklin county has moved to dismiss the appeal, challenging the jurisdiction of this court and invoking the provisions of art. 4, § 4, of our constitution limiting the appellate jurisdiction of this court as follows:

[1]Reported in 156 Pac. 843.

"The supreme court shall have . . . appellate juris-
diction in all actions and proceedings, excepting that its ap-
pellate jurisdiction shall not extend to civil actions at law ·
for the recovery of money or personal property when the
original amount in controversy or the value of the property
does not exceed the sum of two hundred dollars unless the ac-
tion involves the legality of a tax . . . "

We are thus confronted with the question as to whether or
not this action "involves the legality of a tax," within the
meaning of this provision of the constitution.

In June, 1902, the superior court for Franklin county
rendered a judgment of foreclosure, ordering the sale of these
lots, among others, in satisfaction of taxes. At the sale had
in pursuance of that judgment, Franklin county became the
purchaser of the lots for want of other bidders. Thereafter,
an action was commenced in the superior court for Franklin
county, by the owners of the lots, seeking a decree setting
aside the judgment of foreclosure and sale to the county
thereunder, in which action judgment was rendered on June
13, 1908, as prayed for, in pursuance of a compromise and
stipulation between the parties to the action. In pursuance
of that compromise and judgment thereon, $2,000 was paid
to the treasurer of Franklin county on July 8, 1908, in full
satisfaction of the taxes involved in that action, which, as
claimed by appellants, were all the taxes levied or which could
have been lawfully levied against the lots for the years prior
to and including the year 1908. Thereafter, the taxing
officers of Franklin county, being of the opinion that the com-
promise and judgment rendered in pursuance thereof did not
result in satisfying taxes chargeable against the lots for the
year 1908, levied upon the lots taxes for that year to the
amount of $146.70, being the taxes here involved.

It is plain from the record before us that no other tax was
ever levied for the year 1908 against these lots other than the
tax here involved, which was paid by appellants on Novem-
ber 20, 1911. It is equally plain that this tax was not il-

legal and could not be successfully challenged, in so far as the power of the taxing officers of the county is concerned, under the constitution and revenue laws of this state. If the tax was unenforcible, it was only so because of the compromise and judgment rendered in pursuance thereof above noticed. In other words, the question of the enforcibility of this tax against the lots is not a question of its legality, in so far as the power of the taxing officers is concerned, under the constitution and laws of this state; but, as said by counsel for appellants in their brief:

"The only question in issue, is, what effect shall be given to the judgment and proceedings had in the prior suit,"

referring to the action in which the compromise was had and judgment rendered thereon.

We are constrained to hold, in the light of these facts, that this action does not involve the "legality of a tax," within the meaning of the above quoted constitutional provision limiting the appellate jurisdiction of this court. In *Thomas v. Lincoln County*, 41 Wash. 150, 83 Pac. 18, it was held that an action involving merely an excessive tax, rendered so because of mistake of the assessor in stating an excessive number of acres in a tract, resulting in an excessive valuation and tax, did not involve the "legality of a tax," within the meaning of this constitutional provision limiting the jurisdiction of this court; and that the judgment of a superior court rendered in the action to recover such excess tax paid by the owner, the amount involved being less than $200, was final and not appealable to this court. So, we think, the question involved in this case is not one of the legality of the tax, within the meaning of the constitutional provision above quoted; but it is only a question of whether or not the tax involved has been satisfied by the compromise and judgment rendered thereon. There has come to our attention but few authorities touching this question. Observations made in the following decisions, we think, are in harmony with the conclusions we here reach: *Stubbs v. McGuire*, 32 La. Ann.

817; *Bush v. Police Jury*, 39 La. Ann. 899, 2 South. 790; *State ex rel. Equitable Life Assur. Soc. v. Court of Appeals for Parish of Orleans*, 112 La. 399, 36 South. 472.

We conclude that this court has no appellate jurisdiction of this case, because of the fact that it is a civil action at law for the recovery of money only, that the amount in controversy is less than $200, and that it does not involve "the legality of a tax," within the meaning of the constitutional provision above quoted. The appeal is therefore dismissed.

We here note the decisions of this court in *Prentice v. Franklin County*, 54 Wash. 587, 103 Pac. 831, and *State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 149 Pac. 321, as being of interest in connection with the history of this controversy, though these decisions have no controlling force upon this appeal.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.